J-S23042-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOSE ELIA DIAZ, | : | |
| | : | |
| Appellant | : | No. 2229 EDA 2014 |

Appeal from the Judgment of Sentence Entered June 5, 2012,
in the Court of Common Pleas of Lehigh County,
Criminal Division, at No(s): CP-39-CR-0002870-2011 and
CP-39-CR-0002871-2011

BEFORE:   DONOHUE, SHOGAN, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:   **FILED JUNE 03, 2015**

Jose Elia Diaz (Appellant) attempts to appeal from a judgment of sentence entered on June 5, 2012. For the reasons that follow, we vacate two orders entered by the lower court on July 7, 2014, and remand for further proceedings.

The background underlying this matter can be summarized as follows.

…On January 4, 2012, [Appellant entered] pleas of guilty to rape by forcible compulsion and burglary in Case No. 2870/2011, and aggravated assault in Case No. 2871/2011. In exchange for entering the guilty pleas, the Commonwealth agreed not to pursue the other counts of the information. In all other respects, it was an open plea. On June 5, 2012, [the trial court] sentenced [Appellant] to a term of imprisonment of not less than ten (10) years nor more than twenty (20) years in a state correctional institution on each of the counts of rape by forcible compulsion and burglary in Case No. 2870/2011. These sentences were ordered to run consecutively to each other. Additionally, on the charge of aggravated assault, Appellant was sentenced to a term of state imprisonment of not less than five

_____

*Retired Senior Judge assigned to the Superior Court.

(5) years nor more than ten (10) years. This sentence imposed in Case No. 2871/2011 was [] ordered to run consecutively with [the] sentence imposed in Case No. 2870/2011. These sentences were the maximum allowable by law….

Trial Court Opinion, 9/11/2014, at 1-2 (citations and unnecessary capitalization omitted).

Appellant timely filed a post-sentence motion, which the trial court denied. Appellant timely filed an appeal to this Court. On November 16, 2012, this Court dismissed the appeal in a *per curiam* order due to the failure of Appellant's counsel to file a brief. **Commonwealth v. Diaz**, 2107 EDA 2012.

On May 6, 2014, Appellant filed *pro se* a petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Therein, Appellant contended, *inter alia*, that he is entitled to the restoration of his direct appeal rights because appellate counsel abandoned him on direct appeal. The PCRA court appointed counsel to represent Appellant; counsel did not file an amended PCRA petition.

The PCRA court scheduled a hearing for July 1, 2014, in order to address the timeliness of Appellant's PCRA petition.[1] Appellant was the only witness to testify at that hearing. After that testimony and brief arguments from counsel, the PCRA court stated, "His PCRA is untimely. But I am going

---

[1] During this hearing, PCRA counsel stated that he had never participated in a hearing addressing the timeliness of a PCRA petition. N.T., 7/1/2014, at 8.

to allow him to pursue his appeal. I mean, why not?" N.T., 7/1/2014, at 13. The court further stated, "You want to pursue your appeal and have it reviewed, it doesn't bother me. But your PCRA is dismissed as untimely." *Id.*

On July 7, 2014, the PCRA court entered two orders. In one order, the court dismissed Appellant's PCRA petition as untimely filed. The court explained that Appellant "failed to prove an exception as set forth in 42 Pa.C.S.A. § 9545[(b)(1)](i), (ii), or (iii)." PCRA Court Order, 7/7/2014. In the other order, the court granted Appellant leave to file a notice of appeal *nunc pro tunc* based upon the court's conclusion that counsel abandoned Appellant on direct appeal.

Appellant's current counsel filed a notice of appeal on July 31, 2014; Appellant filed *pro se* a notice of appeal the following day. The trial court directed Appellant to comply with Pa.R.A.P. 1925(b). Appellant filed a 1925(b) statement, and the trial court subsequently filed an opinion in compliance with Pa.R.A.P. 1925(a). In his brief to this Court, Appellant seeks to challenge the discretionary aspects of his sentence. Due to concerns regarding this Court's jurisdiction to entertain this appeal,[2] we will not reach the merits of that issue.

---

[2] This Court may raise issues regarding its jurisdiction to entertain an appeal *sua sponte.* ***Commonwealth v. Burks***, 102 A.3d 497, 500 (Pa. Super. 2014).

When a person such as Appellant seeks to restore his right to a direct appeal due to the ineffective assistance of counsel, he may do so only by way of a successful PCRA petition. *See Commonwealth v. Fairiror*, 809 A.2d 396, 397 (Pa. Super. 2002) ("In *Commonwealth v. Lantzy*, 558 Pa. 214, 736 A.2d 564, 572 (1999), our Supreme Court held that a petitioner has no right to a *nunc pro tunc* appeal outside the PCRA to restore direct appeal rights lost due to ineffectiveness of counsel. More recently, our Supreme Court held that the PCRA provides the sole means for restoration of direct appeal rights. *Commonwealth v. Hall*, 565 Pa. 92, 771 A.2d 1232, 1235 (2001) ('by its own language, and by judicial decisions interpreting such language, the PCRA provides the sole means for obtaining state collateral relief')."). Thus, the PCRA court's July 7, 2014 orders cannot stand together. Simply put, the court could not, at the same time, restore Appellant's direct appeal rights and deny Appellant's PCRA petition.

If, indeed, Appellant's PCRA petition was untimely filed or if his claim that he is entitled to the restoration of his direct appeal rights is meritless, then the PCRA court improperly reinstated Appellant's direct appeal rights; consequently, this Court lacks jurisdiction to entertain this appeal. If, however, Appellant timely filed a meritorious PCRA petition, then the PCRA court properly granted PCRA relief in the form of reinstating direct appeal rights; under this circumstance, this Court has jurisdiction to entertain this appeal.

Given the critical nature of the PCRA court's resolution of Appellant's PCRA petition and the court's incompatible orders addressing that petition, we are compelled to vacate the July 7, 2014 orders. We remand the matter and direct the lower court to dispose of Appellant's PCRA petition in a manner that is consistent with the law. Specifically, the court must determine whether Appellant timely filed his PCRA petition or whether the petition meets one of the timeliness exceptions enumerated at 42 Pa.C.S. § 9545(b)(1).[3] If the court concludes that Appellant timely filed his petition or that the petition fits within a timeliness exception, the court must then reach the merits of Appellant's PCRA claims. However, if the court concludes that Appellant untimely filed his petition, then the court shall deny the petition. The court is permitted to hold additional evidentiary hearings if they are necessary to determine whether Appellant timely filed his PCRA petition or whether Appellant's PCRA claims have merit.

Order entered on July 7, 2014, dismissing Appellant's PCRA petition vacated. Order entered on July 7, 2014, granting Appellant leave to file a notice of appeal *nunc pro tunc* vacated. Case remanded with instructions. Panel jurisdiction retained.

---

[3] On remand, PCRA counsel shall be permitted to file an amended PCRA petition which must address the timeliness of Appellant's petition. We remind counsel that "[i]n [**Commonwealth v. Bennett**, 930 A.2d 1264 (Pa. 2007)], our Supreme Court found that attorney abandonment may constitute a factual basis for the section 9545(b)(1)(ii) timeliness exception." **Commonwealth v. Huddleston**, 55 A.3d 1217, 1220 (Pa. Super. 2012).

- 5 -

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 6/3/2015