J-S36037-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CHARLES EDWARD MCFARREN, | : | |
| | : | |
| Appellant | : | No. 2088 WDA 2014 |

Appeal from the PCRA Order Entered October 31, 2014,
in the Court of Common Pleas of Erie County,
Criminal Division, at No.: CP-25-CR-0000244-2012

BEFORE:    PANELLA, JENKINS, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:            **FILED JULY 28, 2015**

Charles Edward McFarren (Appellant) appeals from the order entered October 31, 2014, denying his petition filed pursuant to the Post Conviction Collateral Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Upon review, we quash the appeal.

On November 14, 2011, Appellant committed a gun-point robbery at the Medicine Shoppe in Corry, Erie County, Pennsylvania.  On April 23, 2013, following a stipulated bench trial, Appellant was found guilty of robbery, theft by unlawful taking or disposition, and possessing instruments of crime. On July 18, 2013, Appellant was sentenced to an aggregate five to ten years' incarceration, which included a mandatory minimum sentence imposed pursuant to 42 Pa.C.S. § 9712.  Appellant did not file a post-sentence motion or a direct appeal.

_____

*Retired Senior Judge assigned to the Superior Court.

On July 10, 2014, Appellant *pro se* filed a "Petition for Appointment of Counsel for Representation for Filing a Post-Conviction Collateral Relief Act (and) Petition for a 60 Day Extension to File Said (PCRA) to Secure Counsel to Proceed with the Post-Conviction Collateral Relief Act." The PCRA court appointed counsel, who filed a supplemental PCRA petition on September 25, 2014, raising two claims of ineffective assistance of trial counsel. On October 9, 2014, the PCRA court issued notice of its intent to dismiss Appellant's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907 and an accompanying opinion. The PCRA court formally dismissed the petition on October 31, 2014. Appellant did not file a notice of appeal to this Court within thirty days of the entry of that order.

On December 10, 2014, Appellant, through PCRA counsel, filed a second PCRA petition requesting that his "right to direct appeal be reinstated Nunc Pro Tunc."[1] PCRA Petition, 12/10/2014, at 1 (pages unnumbered). Appellant essentially claimed that PCRA counsel was *per se* ineffective for failing to file a requested appeal from the October 31, 2014 order denying Appellant's first PCRA petition.[2] That same day, the PCRA court reinstated

---

[1] Although Appellant's second PCRA petition focused on the failure of an attorney to secure a defendant's direct appeal rights following a judgment of sentence, Appellant was requesting reinstatement of his right to appeal the denial of his first PCRA petition.

[2] Specifically, Appellant alleged that he wrote to PCRA counsel requesting that an appeal be filed; however, "due to an error in the office of [PCRA

- 2 -

Appellant's appellate rights *nunc pro tunc*. On December 19, 2014, Appellant filed a notice of appeal to this Court.

Appellant presents one issue for our review: "Did the [PCRA] court commit reversible error in failing to apply the decisions of *Alleyne v. United States*[, 133 S.Ct. 2151 (2013),] and *Commonwealth v. Newman*[, 99 A.3d 86 (Pa. Super. 2014),] which make[] [Appellant's] mandatory sentence illegal?" Appellant's Brief at 1.

Before we address Appellant's issue, we must determine whether the PCRA court had jurisdiction to entertain Appellant's claim for *nunc pro tunc* relief. The PCRA court denied Appellant's first PCRA petition on October 31, 2014. In order to appeal that order in a timely fashion, Appellant had to file a notice of appeal within 30 days of the entry of the order. Pa.R.A.P. 903(a). Appellant failed to do so.

However, as we noted above, on December 10, 2014, PCRA counsel filed a petition to reinstate Appellant's right to appeal the order denying his first PCRA petition. The PCRA court should have treated that petition as a second PCRA petition. *See Commonwealth v. Fairiror*, 809 A.2d 396, 397 (Pa. Super. 2002) ("[Fairiror's] January 8, 2001 petition for reinstatement of PCRA appellate rights *nunc pro tunc* must be considered a second [] PCRA petition."). The question then becomes whether Appellant timely filed the

counsel], namely that the letter was placed in the wrong file," a timely appeal was not filed. PCRA Petition, 12/10/2014, at 1 (pages unnumbered).

- 3 -

petition to reinstate his right to appeal the order denying his first PCRA petition. *See id.* ("Although [*Commonwealth v. Hall*, 771 A.2d 1232 (Pa. 2001)] and [*Commonwealth v. Lantzy*, 736 A.2d 564 (Pa. 1999),] dealt with the restoration of direct appeal rights, these cases teach that all requests for reinstatement of appellate rights, including PCRA appellate rights, must meet the timeliness requirements of the PCRA.").

Under the PCRA, all petitions must be filed within one year of the date that the petitioner's judgment became final, unless one of three statutory exceptions applies. 42 Pa.C.S. § 9545(b)(1); *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006). For purposes of the PCRA, a judgment becomes final at the conclusion of direct review. 42 Pa.C.S. § 9545(b)(3). "The PCRA's time restrictions are jurisdictional in nature." *Chester*, 895 A.2d at 522. "Thus, '[i]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.'" *Id.* (quoting *Commonwealth v. Lambert*, 884 A.2d 848, 851 (Pa. 2005)).

Instantly, Appellant was sentenced on July 18, 2013. Because he did not file a post-sentence motion or direct appeal, his judgment of sentence became final on August 19, 2013.[3] *See* 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P.

---

[3] The 30th day following sentencing, August 17, 2013, fell on a Saturday. *See* 1 Pa.C.S. § 1908 (excluding weekends and holidays from the

- 4 -

903. Accordingly, Appellant had until August 19, 2014, to file timely a PCRA petition. Appellant filed his second PCRA petition seeking to reinstate his right to appeal the order denying his first PCRA petition on December 10, 2014. Thus, his petition is patently untimely, and he had the burden of pleading and proving one of the following exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

Appellant's second PCRA petition did not allege any of the statutory exceptions to the PCRA's one year time bar. Therefore, the PCRA court was without jurisdiction to restore Appellant's PCRA appeal rights *nunc pro tunc*,

---

computation of time when the last day of the time period falls on a weekend or holiday).

rendering his notice of appeal untimely filed. Accordingly, we conclude that we are without jurisdiction,[4] and we quash this appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 7/28/2015

---

[4] With regard to Appellant's legality-of-sentence claim based on **Alleyne**, which he raised for the first time in his brief to this Court, we observe that

> an issue pertaining to **Alleyne** goes to the legality of the sentence. It is generally true that "this Court is endowed with the ability to consider an issue of illegality of sentence *sua sponte.*" However, in order for this Court to review a legality of sentence claim, there must be a basis for our jurisdiction to engage in such review. As this Court recently noted, "[t]hough not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised ... in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim."

**Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa. Super. 2014). Because Appellant's PCRA petition was filed untimely, we lack jurisdiction to engage in review of Appellant's claim.

- 6 -