J-S89025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALFONZO SALLEY | |
| Appellant | No. 2750 EDA 2015 |

Appeal from the PCRA Order August 20, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0426541-1986
CP-51-CR-0603761-1986
CP-51-CR-0636611-1986
CP-51-CR-0902241-1986

BEFORE:  SHOGAN, J., MOULTON, J., and FITZGERALD, J.[*]

MEMORANDUM BY MOULTON, J.:                   **FILED MAY 22, 2017**

Alfonzo Salley appeals *pro se* from the August 20, 2015 order entered in the Philadelphia County Court of Common Pleas dismissing as untimely his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm the PCRA court's order and deny Salley's petition for remand.

The PCRA court summarized the factual and procedural history of this matter as follows:

> In three separate jury trials, [Salley] was convicted of robbing several stores in 1986.  On March 4, 1987,

_____

[*] Former Justice specially assigned to the Superior Court.

following a jury trial before the Honorable James D. McCrudden, [Salley] was convicted of robbery and possessing an instrument of crime.[1] [On October 13, 1987,] [Salley] was sentenced to ten (10) to twenty (20) years imprisonment for robbery and a consecutive term of two and one-half (2.5) to five (5) years incarceration for possessing an instrument of a crime. [Salley] filed a timely direct appeal on October 29, 1987, and on December 19, 1988, the Superior Court affirmed the judgment of sentence. Petition for allowance of appeal was not sought.[2]

[2] The second trial was held in March 1988. Following a jury trial before the Honorable John A. Geisz, [Salley] was convicted of robbery and possessing an instrument of crime. On June 29, 1988, Salley was sentenced to a term of five (5) to ten (10) years imprisonment for robbery and a concurrent term of one (1) to two (2) years incarceration for possession an instrument of crime. No appeal was filed.

The third trial was held in January 1989. Following a jury trial before the Honorable Jane C. Greenspan, [Salley] was convicted of possessing an instrument of crime and two counts robbery. On August 17, 1989, [Salley] was sentenced to consecutive terms of six (6) to twenty (20) years imprisonment for the two robbery convictions and a concurrent term of one (1) to five (5) years incarceration for possessing an instrument of crime. [Salley] appealed and the judgment of sentence was affirmed on December 18, 1990. Allocatur to the Supreme Court was denied on September 17, 1991.

On January 14, 1997, [Salley] filed a *pro se* PCRA petition. Thereafter, the PCRA court appointed counsel. Appointed counsel filed an amended petition. On January 29, 1999, the petition was dismissed. Notice of Appeal was filed and on March 6, 2000 the Superior Court

_____

[1] 18 Pa.C.S. §§ 3701 and 907, respectively.

affirmed the dismissal. [Salley] did not seek an allowance of appeal to the Pennsylvania Supreme Court.

On May 3, 2004, [Salley] filed a second PCRA petition. The PCRA court dismissed the petition on January 4, 2005. A Notice of Appeal was filed and on January 13, 2006, which was dismissed because [Salley] failed to file a brief. On November 13, 2007, [Salley] filed a third petition.

The PCRA court dismissed the petition on May 8, 2009. On December 2, 2010 [Salley] filed another PCRA petition. The PCRA [court] dismissed the petition on January 5, 2012. Following the dismissal of his [petition], [Salley] appealed to the Superior Court. This appeal was dismissed on March 21, 2012 for failure to comply with Pa.R.A.P. 3517.

[Salley] filed a Writ of Mandamus on April 15, 2014 and a Motion to Reinstate Appellate rights *Nunc Pro Tunc* on October 22, 2014. After conducting an extensive and exhaustive review of these filings, the record and applicable case law, this Court decided to treat the motion as a petition under the [PCRA]. Upon doing so, this Court concluded that it lacked jurisdiction to address the merits of [Salley's] claims because [Salley's] petition seeking post conviction collateral relief was untimely filed and none of the timeliness exception[s] applied.

Opinion, 10/28/15, at 1-2 ("1925(a) Op.").

On June 25, 2015, the PCRA court sent notice of intent to dismiss Salley's petition pursuant to Pennsylvania Rule of Criminal Procedure 907. On July 6, 2015, Salley filed a response to the PCRA court's Rule 907 notice. On August 20, 2015, the PCRA court dismissed the petition. Thereafter, Salley filed a timely notice of appeal. Salley has also filed with this Court a petition for remand, seeking remand to the PCRA court for an evidentiary hearing.

Salley raises the following issue on appeal:

DID THE PRO-SE APPELLANT SUFFER DUAL ABANDONMENT OF COUNSELS FOR THE PURPOSE OF APPEAL, AND WHERE NEITHER WAS PROPERLY ADDRESSED BY THE TRIAL COURT, AND NO RECORD ESTABLISHED? (both appeals were to the State Supreme Court)

Salley's Br. at 3.

Our standard of review from the denial of PCRA relief "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa.Super. 2011).

Before we reach the merits of Salley's petition,[2] we must determine whether it was timely filed. It is well settled that "the timeliness of a PCRA petition is a jurisdictional requisite." **Commonwealth v. Brown**, 111 A.3d 171, 175 (Pa.Super.), *app. denied*, 125 A.3d 1197 (Pa. 2015). A PCRA petition "including a second or subsequent petition, shall be filed within one

_____

[2] Because Salley's claim of counsel ineffectiveness could have been brought under the PCRA, the PCRA court correctly treated his writ of mandamus and motion to reinstate appellate rights *nunc pro tunc* as a PCRA petition. **See** 42 Pa.C.S. § 9542 ("The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis."); **see also Commonwealth v. Hall**, 771 A.2d 1232, 1235 (Pa. 2001) ("The plain language of the statute above demonstrates quite clearly that the General Assembly intended that claims that could be brought under the PCRA must be brought under that Act. No other statutory or common law remedy 'for the same purpose' is intended to be available; instead, such remedies are explicitly 'encompassed' within the PCRA.").

year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

On September 17, 1991, the Supreme Court denied Salley's petition for allowance of appeal. Salley therefore had until January 16, 1997, one year after the effective date of the 1995 amendments to the PCRA, to file a timely first PCRA petition. *See Commonwealth v. Alcorn*, 703 A.2d 1054, 1056-57 (Pa.Super. 1997) (where a petitioner's judgment of sentence became final before the effective date of the 1995 amendments to the PCRA, which included a grace proviso allowing a petitioner to file a timely first PCRA petition by January 16, 1997, the petitioner's second PCRA petition was untimely because it was not filed within one year of the date his judgment of sentence became final). Salley's current petition, filed on April 15, 2014, is therefore facially untimely.

Courts may consider a PCRA petition filed more than one year after a judgment of sentence became final only if the petitioner alleges and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii); *see Brown*, 111 A.3d at 175. In addition, when invoking an exception to the PCRA time bar, the petition must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Salley attempts to invoke the "new facts" exception to the one-year time bar. 42 Pa.C.S. § 9545(b)(1)(ii). Under this exception, the petitioner may overcome an untimely filed petition if the petitioner alleges and proves that "(1) the facts upon which the claim was predicted were unknown and (2) they could not have been ascertained by the exercise of due diligence." *Commonwealth v. Cox*, 146 A.3d 221, 227 (Pa. 2016); 42 Pa.C.S. § 9545(b)(1)(ii). "Due diligence 'does not require perfect vigilance and punctilious care, but merely a showing the party has put forth reasonable effort' to obtain the information upon which a claim is based." *Cox*, 146 A.2d at 230 (quoting *Commonwealth v. Edmiston*, 65 A.3d 339, 348 (Pa. 2013)).

In support of his claim, Salley relies in part on our Supreme Court's decision in *Commonwealth v. Bennett*, 930 A.2d 1264 (Pa. 2007). In *Bennett*, the Court held that the appellant had made sufficient allegations

to invoke section 9545(b)(1)(ii) and remanded to the PCRA court for further proceedings to determine whether the appellant had proven his claims. 930 A.2d at 1274-75. Specifically, the appellant alleged that counsel had abandoned him for purposes of his first PCRA appeal by not filing a brief. *Id.* The appellant alleged that he did not know that PCRA appellate counsel had failed to file a brief until he received a letter from the Superior Court informing him that his appeal had been dismissed for counsel's failure to file a brief. *Id.* The appellant in *Bennett* also included the steps he took to ascertain the status of his case, which included writing to the PCRA court and the Superior Court, thereby alleging he exercised due diligence. *Id.* at 1272.

In the case before us, Salley alleges that he "had no idea that counsel failed to appeal to the State Supreme court" on both direct appeal and his first PCRA proceeding.[3] Salley's Br. at 9, 12. Accordingly, he alleges that he suffered "dual abandonment" by counsel. *Id.* at 18. Salley alleges that he was diligent because he "filed multiple filings, [i]ncluding to address his appeal rights issue, which as of this date has not been addressed by the trial court." *Id.* at 14. He also avers that his attempts to contact counsel were "useless," that counsel failed to respond to communications from Salley, and

---

[3] Salley's claim regarding counsel's alleged ineffectiveness on direct appeal arises from the matter docketed at CP-51-CR-0426541-1986, in which judgment of sentence was imposed on October 13, 1987. In his first PCRA petition, Salley challenged all three judgments of sentence.

that "[c]ounsel never took any steps to confer with [Salley] regarding any appeal." *Id.* Salley also attaches a number of exhibits that purportedly demonstrate his due diligence. *Id.* at 17-18.

This Court affirmed Salley's judgment of sentence on December 19, 1988, and affirmed the dismissal of Salley's first PCRA petition on March 6, 2000. Salley makes only a bare assertion that he did not know that counsel in both instances did not appeal to the Pennsylvania Supreme Court. Salley does not explain why he could not have learned this information earlier, despite the lengthy time period before the filing of the instant PCRA. Moreover, Salley does not allege the date he learned that counsel had not appealed to the Supreme Court or how he came to learn of these facts. Nor do the exhibits attached to Salley's brief establish when he learned these facts. Accordingly, he has failed to establish that he could not have learned these facts through the exercise of due diligence.

Because Salley has failed to establish any of the time-bar exceptions,[4] we conclude the PCRA court did not err in dismissing Salley's petition as untimely.

_____

[4] To the extent Salley alleges a time-bar exception due to ineffective assistance of counsel, "[i]t is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." *Commonwealth v. Wharton*, 886 A.2d 1120, 1126 (Pa. 2005).

Next, we consider Salley's petition for remand. In the petition, Salley seeks remand to the PCRA court for an evidentiary hearing on his claim that counsel failed to communicate with him regarding his appellate rights. Pet. for Remand at 3. Because we have concluded that Salley is not entitled to relief, and no purpose would be served by further proceedings, we deny his petition for remand for an evidentiary hearing. *See* Pa.R.Crim.P. 907(1).

Order affirmed. Petition for remand denied.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/22/2017