771 A.2d 1232

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Luke Kane HALL, Appellee.**

Supreme Court of Pennsylvania.

Submitted July 11, 2000.

· Decided May 22, 2001.

Mark C. Baldwin, Iva C. Dougherty, for Com., Appellant.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN, SAYLOR, JJ.

## OPINION

CASTILLE, Justice.

This Court granted review to determine whether a criminal defendant who failed to file a direct appeal from his judgment of sentence and thereafter failed to timely avail himself of the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq.*, to attempt to secure restoration of his waived direct appeal, may obtain collateral relief in the form of reinstatement of his direct appeal rights *nunc pro tunc* outside the requirements of the PCRA. Both the trial court and the Superior Court held that such an extra-PCRA remedy was proper. In light of the plain language of the PCRA, as well as this Court's PCRA jurisprudence culminating most recently in *Commonwealth v. Lantzy*, 558 Pa. 214, 736 A.2d 564 (1999), that holding is plainly erroneous. The PCRA was available to appellee and it is the exclusive vehicle for claims, such as the *nunc pro tunc* appeal claim he raised, that are cognizable under the PCRA.

Appellee Luke Kane Hall was arrested and charged with possession of a controlled substance (cocaine) and possession with intent to deliver a controlled substance. Appellee filed a motion to suppress the evidence, which was denied. On April 21, 1995, after waiving his right to a jury trial, appellee was convicted of both charges. On May 30, 1995, the trial court sentenced appellee to nine to twenty-three months' imprisonment. Appellee did not file a direct appeal.

Twenty months later, on January 30, 1997, appellee filed a petition for relief under the PCRA claiming, *inter alia*, that trial counsel was ineffective for failing to file a direct appeal. The petition was indisputably untimely under the November 1995 amendments to the PCRA. Under those amendments, a petitioner whose judgment of sentence became final before January 16, 1996, the effective date of the amend-

ments, such as appellee, had to file his petition within one year of that effective date, *i.e.,* no later than January 16, 1997. *See Commonwealth v. Fenati,* 561 Pa. 106–07, 748 A.2d 205, 206–07 (2000) (construing § 3(1) of the Act of Nov. 17, 1995 (Spec.Sess. No. 1), P.L. 1118, No. 32). Pennsylvania courts lack jurisdiction to entertain untimely PCRA petitions. *See, e.g., Commonwealth v. Murray,* 562 Pa. 1, 5, 753 A.2d 201, 203 (2000). Accordingly, the PCRA court properly dismissed the petition. The order of dismissal, however, included a *sua sponte* notation that it was entered "without prejudice to the Defendant to file a Petition for Appeal Nunc Pro Tunc which would be outside the Post–Conviction Relief Act statutes," and granted appellee thirty days to file such a petition.

Accepting the court's invitation, appellee thereupon filed a petition to appeal *nunc pro tunc,* renewing his PCRA claim that he was denied his right to a direct appeal through trial counsel's ineffectiveness. The trial court granted the petition and awarded appellee thirty days to file a direct appeal *nunc pro tunc.* Appellee thereafter appealed to the Superior Court, claiming that the trial court had erred in denying his suppression motion. The Commonwealth cross-appealed, arguing that the court below erred in granting the *nunc pro tunc* appeal after correctly dismissing the PCRA petition as untimely.[1]

The Superior Court held that the trial court properly permitted appellee to pursue reinstatement of his appeal rights *nunc pro tunc* outside the requirements of the PCRA. Although the Superior Court recognized that the PCRA is intended to be the exclusive means for persons convicted of crimes to collaterally attack their convictions, and that the trial court's order was "at odds with the clear policy of exclusivity proclaimed by the PCRA," it noted that *dicta* in the Superior Court's previous decisions in *Commonwealth v. Petroski,* 695 A.2d 844 (Pa.Super.1997) and *Commonwealth v. Lantzy,* 712 A.2d 288 (Pa.Super.1998), had given "explicit

1. Appellee's appeal, docketed in the Superior Court at No. 2791 Philadelphia 1997, is docketed here at No. 1 MAP 2000. The Commonwealth's appeal, docketed in the Superior Court at No. 3031 Philadelphia 1997, is docketed here at No. 2 MAP 2000.

96

recognition of a potential vehicle for relief from a failure to appeal claim outside the framework of the PCRA." *Commonwealth v. Hall*, 713 A.2d 650, 652 (Pa.Super.1998). Since the trial court's extra-PCRA grant of an appeal *nunc pro tunc* here was consistent with that *dicta*, the panel approved that grant and then proceeded to review the merits of appellee's suppression claim, which it ultimately rejected.

■ Appellant here, the Commonwealth, argues that the lower courts' holding that there is an extra-PCRA avenue of review available to secure a direct appeal *nunc pro tunc* is contrary to both the explicit language of the PCRA as well as this Court's jurisprudence interpreting the PCRA.[2] The Commonwealth is correct.[3]

■ The scope of the PCRA is explicitly defined in the Act as follows:

> This subchapter provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief. **The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis.** This subchapter is not intended to limit the availability of remedies in the trial court or on direct appeal from the judgment of sentence, to provide a means for raising issues waived in prior proceedings or to provide relief from collateral consequences of a criminal conviction.

42 Pa.C.S. § 9542 (emphasis added). The plain language of the statute above demonstrates quite clearly that the General

2. Our standard of review is whether the Superior Court committed an error of law. *Commonwealth v. Weston*, 561 Pa. 199, 203 n. 8, 749 A.2d 458, 460 n. 8 (2000). As this case involves a question of law, our scope of review is plenary. *Id. See also Commonwealth v. Nester*, 551 Pa. 157, 709 A.2d 879, 881 (1998).

3. After allocatur was granted, appellee's counsel filed a Petition to Withdraw Appearance of Counsel based on appellee's deportation. The petition to withdraw was granted on May 16, 2000. Consequently, no Brief for Appellee has been filed.

Assembly intended that claims that **could** be brought under the PCRA **must** be brought under that Act. No other statutory or common law remedy "for the same purpose" is intended to be available; instead, such remedies are explicitly "encompassed" within the PCRA.

This Court has repeatedly and uniformly given effect to this plain language contained in the PCRA.

> By its own language, and by judicial decisions interpreting such language, the PCRA provides the sole means for obtaining state collateral relief. 42 Pa.C.S. § 9542; *Commonwealth v. Ahlborn*, 548 Pa. 544, 549–50, 699 A.2d 718, 721 (1997). Where, as here, a defendant's post-conviction claims are cognizable under the PCRA, the common law and statutory remedies now subsumed by the PCRA are not separately available to the defendant. *See Commonwealth v. Peterkin*, 554 Pa. 547, 551–55, 722 A.2d 638, 640–41 (1998) (concluding that because defendant's claims were cognizable under the PCRA, the statutory writ of habeas corpus was not separately available as to those claims).

*Commonwealth v. Yarris*, 557 Pa. 12, 22, 731 A.2d 581, 586 (1999). *See also Commonwealth v. Chester*, 557 Pa. 358, 375, 733 A.2d 1242, 1250–51 (1999) (PCRA subsumes all other common law rights and remedies including habeas corpus with respect to remedies offered under PCRA; therefore, claims that would have been cognizable on traditional state habeas corpus review must be considered exclusively under PCRA).

The question then is whether the particular claim at issue here, *i.e.*, appellee's request for a direct appeal *nunc pro tunc* premised on counsel's alleged ineffectiveness in failing to appeal, is a claim that was available to him under the PCRA. The answer unquestionably is yes. *Commonwealth v. Lantzy*, 558 Pa. 214, 222–23, 736 A.2d 564, 569–70 (1999) ("the PCRA provides the exclusive remedy for post-conviction claims seeking restoration of appellate rights due to counsel's failure to perfect a direct appeal"). Relying upon *Chester*, the *Lantzy* Court noted that, " 'it seems clear that the General Assembly intended to channel all claims requiring review through the framework of the PCRA.' " *Id.* at 223, 736 A.2d at 569 (*quoting*

*Chester*, 557 Pa. at 375, 733 A.2d at 1251). A contrary interpretation would lead to "a bifurcated system of post-conviction review, in which certain claims for relief are considered under the PCRA, while other claims for relief are considered outside its framework." *Lantzy*, 558 Pa. at 222, 736 A.2d at 569. Such an interpretation would "collide with the legislative directive that the PCRA is intended to provide the sole means for obtaining collateral review and relief, encompassing all other common law rights and remedies, including *habeas corpus*." *Id.*, citing 42 Pa.C.S. § 9542.

In light of this authority, the resolution here is straightforward. Appellee, like the defendant in *Lantzy*, sought restoration of his direct appeal rights *nunc pro tunc* premised upon his trial counsel's alleged ineffectiveness. Since such a claim is cognizable under the PCRA, as we held as a matter of statutory interpretation in *Lantzy*, the trial court had no residual common law or statutory authority to entertain the claim except under the strictures of the PCRA. Appellee, in fact, invoked the PCRA, but was denied review thereunder because, as the trial court found, his petition was untimely. Having properly made that finding, the trial court had no authority to invite, entertain, and then grant a request for the very same relief deemed outside the authority of the PCRA.

Furthermore, we note that the lower courts' reliance upon this Court's decision in *Commonwealth v. Stock*, 545 Pa. 13, 679 A.2d 760 (1996), as supporting a basis outside the PCRA to reinstate a waived appeal *nunc pro tunc*, is misplaced. Stock was tried and convicted *in absentia* of three summary traffic offenses and sentenced to pay three separate fines. Stock directed his attorney to appeal the summary conviction to the Court of Common Pleas, but the attorney failed to do so in a timely manner, resulting in quashal of the appeal. Represented by new counsel, Stock sought permission to file a summary appeal *nunc pro tunc*.

Stock argued to this Court that his counsel's ineffectiveness, which the Commonwealth conceded, warranted the grant of an appeal *nunc pro tunc*. This Court noted that appeals *nunc pro tunc* exist, in both civil and criminal contexts, to remedy

certain extraordinary situations where the state constitutional "right of appeal was denied." *Id.* at 20, 679 A.2d at 764. We then held that counsel's failure to file a requested appeal was such an extraordinary circumstance. *Id.*

In approving the appeal *nunc pro tunc* in that summary offense context, we noted that such a defendant deprived of his direct appeal "would have no other recourse." *Id.* This was so because the defendant was *never* eligible for relief under the PCRA because he could not meet the PCRA's requirement that he be "under a sentence of death or imprisonment or on parole or on probation." *Id. See* 42 Pa.C.S. § 9543(2). Since the PCRA was never available to such a summary offender, *nunc pro tunc* appellate relief was deemed necessary to vindicate the state constitutional right of appeal.

Here, in contrast to *Stock*, appellee was sentenced to a term of imprisonment of nine to twenty-three months and, thus, had a PCRA remedy available to him. It was only appellee's own failure to seek PCRA relief within the one-year period of limitations, a period that this Court has upheld as constitutionally reasonable, *see Peterkin*, 554 Pa. at 556, 722 A.2d at 642 (applying *Sayers v. Commonwealth*, 88 Pa. 291 (1879)), that resulted in the forfeiture of PCRA review of his right of appeal claim. As this Court recently explained in *Commonwealth v. Murray, supra*:

> *Stock* only involves the availability of *nunc pro tunc* relief outside the framework of the PCRA to restore a defendant's right to appeal his conviction of summary traffic offenses where counsel for the defendant failed to file a requested appeal in a timely fashion. In short, our decision in *Stock* applies only to those rare instances where a defendant seeking *nunc pro tunc* relief is not, and never was, eligible to seek collateral relief under the PCRA because he could not satisfy the PCRA's custody requirement.

562 Pa. at 6 n. 2, 753 A.2d at 203 n. 2.

Thus, *Stock* is consistent with our PCRA jurisprudence, which recognizes that the PCRA subsumes other remedies only with respect to remedies offered under the PCRA. Since

no PCRA remedy was ever available to the defendant in *Stock*, resort to another avenue to vindicate the important constitutional right at issue was both appropriate and necessary. That is decidedly not the case here.

For the foregoing reasons, the Superior Court's order respecting No. 2 MAP 2000 (Superior Court No. 3031 Philadelphia 1997) is reversed, the Common Pleas order granting leave to appeal *nunc pro tunc* is vacated, and that appeal is dismissed. The Superior Court's order respecting No. 1 MAP 2000 (Superior Court No. 2791 Philadelphia 1997), affirming the judgment of sentence, is vacated as moot.

NIGRO, Justice, files a concurring opinion.

NIGRO, Justice, concurring.

I agree with the majority that under the facts of the instant case, Appellant is precluded from obtaining PCRA relief pursuant to the one-year filing limitation. I write separately, however, because I believe that equity would have required a different result had the facts established that Appellant reasonably relied in good faith upon counsel to protect his appellate rights.

While I acknowledge that the purpose of the one-year filing limitation is to establish finality and prevent the repetitive filing of meritless PCRA petitions, I also believe that the PCRA is designed to protect a defendant who reasonably relies in good faith upon counsel to protect his appellate rights, but counsel nevertheless allows those rights to be forfeited. I am troubled by the prospect that a defendant who, for example, instructed counsel to file a direct appeal, was told by counsel that an appeal was being filed, was subsequently reassured by counsel that the appeal was filed, but later found out after the one-year limitation period expired that counsel never filed the appeal, is forever precluded from receiving at least one appellate review of his case. In my view, a rule that penalizes a defendant who reasonably relies in good faith upon his counsel to protect his appellate rights is contrary to the purpose of the PCRA, and such a defendant

should be entitled to, at a bare minimum, one appellate review.[1]

1. In the instant case, the trial court granted *nunc pro tunc* relief based upon the fact that Appellant sought a timely appeal. Although the record reveals that Appellant told both his trial counsel and the public defender after trial to file an appeal, there is no evidence that Appellant was ever told that an appeal was, or even would be, filed. The record also reveals that Appellant waited for twenty months after his judgment of sentence became final before seeking *nunc pro tunc* relief. I do not believe that merely telling counsel to file an appeal, without more, is sufficient to establish that Appellant had a good faith, reasonable basis to conclude that counsel was protecting his appellate rights when Appellant failed to follow up on his request for an appeal for twenty months after judgment of sentence.