J-S70014-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ANTONIO DE JESUS ORTIZ-SERRANO, | |
| Appellee | No. 458 EDA 2015 |

Appeal from the PCRA Order February 4, 2015
in the Court of Common Pleas of Chester County
Criminal Division at No.: CP-15-CR-0003601-2013

BEFORE:  DONOHUE, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:              **FILED DECEMBER 18, 2015**

The Commonwealth of Pennsylvania appeals from the PCRA court's February 4, 2015 order granting the *pro se* petition of Appellee, Antonio De Jesus Ortiz-Serrano, and reinstating his right to file a post-sentence motion or direct appeal *nunc pro tunc*.  Specifically, the Commonwealth argues that the PCRA court erred because it did not follow the applicable law, procedures, and rules set forth in the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, and the Pennsylvania Rules of Criminal Procedure. The PCRA court concedes that it erred.  We vacate and remand.

The PCRA court aptly summarized the factual and procedural history of this case as follows:

_____

[*] Retired Senior Judge assigned to the Superior Court.

On March 21, 2014, [Appellee] pled guilty to homicide by vehicle while driving under the influence and accidents involving death or personal injury while not properly licensed. He was sentenced to five (5) to ten (10) years['] incarceration in accordance with the plea agreement.

On January 30, 2015, [Appellee] filed a Petition for Post Conviction Relief/Collateral Act (Petition for Reinstatement of Right to File Post Sentence Motion or Direct Appeal Rights, *Nunc Pro Tunc*). On February [4], 2015, the court granted [Appellee] the right to file a post-sentence motion or notice of appeal. . . .

(PCRA Court Opinion, 7/02/15, at 1) (some capitalization omitted). This timely appeal followed.[1]

The Commonwealth raises the following question for our review:

I. Whether the [PCRA] court erred in granting [Appellee's] PCRA petition by reinstating the right to file a post-sentence motion and direct appeal *nunc pro tunc* where [Appellee] pled guilty and received an agreed upon sentence?

(Commonwealth's Brief, at 4) (most capitalization omitted).

In its issue, the Commonwealth claims that the court erred in granting Appellee's petition without complying with the requirements of the PCRA. (**See** Commonwealth's Brief, at 9-11). The Commonwealth argues that the PCRA court's failure to do so resulted in its being denied an opportunity to respond to the PCRA petition, or fulfill its responsibilities pursuant to the Crime Victims Act, 18 P.S. §§ 11.101-11.5102. (**See** Commonwealth's Brief at 9). Moreover, it argues that "[t]rial counsel did not have the opportunity

_____

[1] On March 10, 2015, pursuant to the court's order, the Commonwealth filed its statement of matters complained of on appeal. **See** Pa.R.A.P. 1925(b). The court filed its opinion on July 2, 2015. **See** Pa.R.A.P. 1925(a).

to respond to the attack on her professional competence[,]" and "[Appellant] was denied the right to have counsel appointed to investigate his claims, file an [a]mended PCRA petition if necessary to preserve [his] claims, and develop a factual record if necessary to resolve [his] claims." (***Id.*** at 9-10).

In its 1925(a) opinion, the PCRA court agrees that

> [t]he court viewed [Appellee's] filing as a petition for reinstatement of right, *nunc pro tunc*, and not as a PCRA petition. While the court had good intentions and was thinking of judicial economy when it entered its order, the court acknowledges that it was error to not treat [Appellee's] filing as a PCRA petition. The court, therefore, respectfully requests that the Superior Court remand this matter back to the trial court so that [Appellee's] petition can properly be decided under the [PCRA].

(PCRA Ct. Op., at 1-2) (citation and some capitalization omitted). We agree.

"Our standard of review in an appeal from the grant or denial of PCRA relief requires us to determine whether the ruling of the PCRA court is supported by the record and is free from legal error." ***Commonwealth v. Lesko***, 15 A.3d 345, 358 (Pa. 2011) (citation omitted).

"[T]he PCRA provides the sole means for obtaining state collateral relief. Where, as here, a defendant's post-conviction claims are cognizable under the PCRA, the common law and statutory remedies now subsumed by the PCRA are not separately available to the defendant." ***Commonwealth v. Hall***, 771 A.2d 1232, 1235 (Pa. 2001) (citations omitted). The PCRA, in pertinent part, provides that a petitioner is eligible for relief under the PCRA where "(2) [his] conviction or sentence resulted from one or more of the

following: . . . (ii) Ineffective assistance of counsel . . . ." 42 Pa.C.S.A. § 9532(2)(ii).

In **Hall**, the Supreme Court of Pennsylvania considered whether a court's grant of an appellee's request for reinstatement of his direct appeal rights was an error of law. **See Hall**, **supra** at 1233-36. There the Supreme Court held that

> [a]ppellee . . . sought restoration of his direct appeal rights *nunc pro tunc* premised upon his trial counsel's alleged ineffectiveness. Since such a claim is cognizable under the PCRA, . . . the trial court had no residual common law or statutory authority to entertain the claim except under the strictures of the PCRA. . . .

**Id.** at 1236.

Here, similarly, Appellee filed a PCRA petition seeking reinstatement of his right to file a post-sentence motion or a direct appeal *nunc pro tunc* because, he alleged, his trial counsel was ineffective in not filing his direct appeal. (**See** PCRA Ct. Op., at 1; **see also** Petition for Post[-]Conviction Relief/Collateral Act, 2/02/15, at unnumbered pages 1-2). Because such a claim is cognizable under the PCRA, the court was limited to reviewing Appellee's petition in accordance with the laws, rules, and procedures required by the PCRA. **See Hall**, **supra** at 1236.

Accordingly, we are constrained to conclude that the PCRA court erred, as it has conceded, in granting Appellee's petition. We vacate the PCRA court's February 4, 2015 order granting reinstatement of Appellee's direct appeal rights *nunc pro tunc*. We remand this matter to the PCRA court for

disposition in accordance with the PCRA, and in accordance with this decision.

Order vacated. Case remanded to the PCRA court for disposition in accordance with this decision. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/18/2015