J. S72024/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
   :    PENNSYLVANIA
   :
            v.    :
   :
MICHAEL B. STAHLEY    :
          APPELLANT    :
   :
   :    No. 632 MDA 2016

Appeal from the PCRA Order April 4, 2016
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0000910-2004

BEFORE: GANTMAN, P.J., DUBOW, J., and STRASSBURGER, J.[*]

MEMORANDUM BY DUBOW, J.:             **FILED NOVEMBER 23, 2016**

Appellant, Michael B. Stahley, appeals from the April 4. 2016 Order dismissing his amended Petition pursuant to the Post Conviction Relief Act (PCRA),42 Pa.C.S. §§ 9541-9546. We affirm.

A jury found Appellant guilty of forcible rape, involuntary deviate sexual intercourse, simple assault, burglary, terroristic threats, and theft arising from a break-in and sexual assault that occurred on or about May 21, 2004. On October 2, 2006, the trial court adjudicated Appellant a sexually violent predator ("SVP"), and imposed an aggregate sentence of twenty-two and one-half years' to forty-seven and one-half years' imprisonment. This

---

[*] Retired Senior Judge assigned to the Superior Court.

Court affirmed Appellant's Judgment of Sentence. ***Commonwealth v. Stahley***, 965 A.2d 303 (Pa. Super. 2008) (unpublished memorandum). The Pennsylvania Supreme Court denied Appellant's Petition for Allowance of Appeal on May 2, 2011. Appellant's Judgment of Sentence became final, therefore, on August 1, 2011. ***See Commonwealth v. Harris***, 972 A.2d 1196, 1200 (Pa. Super. 2009); ***see also*** US. Sup. Ct. R. 13.

On March 20, 2009, while Appellant's Petition for Allowance of Appeal was pending in the Supreme Court, Appellant filed his first PCRA Petition. Following an evidentiary hearing, the PCRA court denied Appellant relief and dismissed Appellant's Petition. Appellant timely appealed from the order denying his PCRA Petition, and this Court affirmed. ***Commonwealth v. Stahley***, 15 A.3d 535 (Pa. Super. 2010) (unpublished memorandum).

On March 4, 2016, Appellant filed the instant *pro se* PCRA Petition. On March 9, 2016, the PCRA court issued an Order and Notice of Intent to dismiss Appellant's PCRA Petition without a hearing pursuant to Pa.R.Crim.P. 907, concluding that Appellant's Petition was untimely filed and Appellant had failed to plead and prove one of the statutory exceptions to the PCRA's time-bar. ***See*** 42 Pa.C.S. § 9545(b)(1)(i)-(iii).

On March 23, 2016, Appellant filed an Answer to the Notice of Intent to dismiss his PCRA Petition. On April 4, 2016, the PCRA court dismissed Appellant's petition. Appellant timely appealed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following two issues on appeal:

1. Did the trial court err when it dismissed the PCRA when the right asserted is a Constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that Court to apply retroactively. The Supreme Court of the United States or the Commonwealth of Pennsylvania has recognized the following retroactive Constitutional rights after my period for filing: The mandatory sentence is unconstitutional as per Supreme court of Pa. The Superior court also states that cases under 42 Pa.C.S. 9718 is unconstitutional. Based on United States Supreme Court decision on the mandatory sentences contained in section 9718 is unconstitutional. Mandatory minimum Sentencing statutes in Pa. containing the language appearing in section 9718 (c) "are void in their entirely".

2. Pursuant to 42 Pa.C.S. 9545 (b) and that it does not meet any of the exceptions to the timeliness requirements. Because of an illegal sentence "is primarily restricted to those instances in which the term of the prisoner's sentence is not authorized by the statutes which govern the penalty" for the crime of conviction. Collateral relief courts will, however, consider a motion to correct an illegal sentence based on a decision of the court holding that the eighth Amendment of the Federal Constitution prohibits a punishment for a type of crime or a class of offenders. The defendant had been prosecuted was unconstitutional or because the sentence was one the Court could not lawfully impose. "A conviction or sentence imposed in violation of a substantive rule is not just erroneous but contrary to law and, as a result, void. But a majority of this court, eager to reach the Merits of this case, resolves the question of our jurisdiction by deciding that the Constitution requires State Post-Conviction Courts to adopt Teague's exception for so-called "substantive" NEW RULES and to provide State law remedies for The violations of those rules to prisoners whose sentences have long ago became final. This conscription into Federal service of State Post-Conviction Courts is nothing short of astonishing.

Appellant's Brief at 1 (verbatim).

We note at the outset that Appellant's Brief is, at best, confusing, and, at worst, incomprehensible. However, it appears that Appellant is essentially arguing that the PCRA court erred in dismissing his Petition as untimely because he is serving an illegal mandatory minimum sentence. *Id.* at 6-7.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). Before addressing the merits of Appellant's claims, however, we must first determine whether we have jurisdiction to entertain the underlying PCRA Petition. No court has jurisdiction to hear an untimely PCRA petition. *Commonwealth v. Hackett*, 956 A.2d 978, 983 (Pa. 2008).

Appellant attempts to invoke our jurisdiction by averring that he is entitled to relief under the PCRA as a result of the constitutional right recognized in *Alleyne v. United States*, 133 S.Ct. 2151, 2156, 2164 (2013), and its progeny. This claim fails.

A PCRA petition must be filed within one year of the date the underlying judgment becomes final; a judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S. § 9545(b)(1), (3). The statutory exceptions to the timeliness

requirement allow for very limited circumstances to excuse the late filing of a petition. *See* 42 Pa.C.S. §§ 9545(b)(1)(i)-(iii).

Here, Appellant appears to be invoking the timeliness exception found in Section 9545(b)(1)(iii). Appellant's Brief at 7. In order to obtain relief under this subsection, a petitioner must plead and prove that "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(iii). A petitioner asserting a timeliness exception must file a petition within 60 days of the date the claim could have been presented. *See* 42 Pa.C.S. § 9545(b)(2).

With respect to Appellant's claim on appeal the trial court opined as follows:

> Here, [Appellant] alleges that his sentence is unconstitutional pursuant to the Pennsylvania Superior Court's decision in **Commonwealth v. Wolfe**, wherein the Court held that mandatory sentences imposed pursuant to 42 Pa.C.S. § 9718(a)(1) are unconstitutional and not severable in light of [**Alleyne**, *supra*]. **Wolfe**, 106 A.3d 800, 806 (Pa. Super. 2014), *appeal granted*, 121 A.3d 433 (Pa. 2015). Accordingly [Appellant] attacks the constitutionality of his sentence under the third PCRA time bar exception. *See* 42 Pa.C.S. § 9545(b)(1)(iii).
>
> [Appellant's] argument fails on a number of fronts. Initially, even if this [c]ourt were to determine that **Alleyne** created a new constitutional right, and therefore implicate[s] one of the exceptions to the PCRA time bar, the Superior Court has unequivocally held that **Alleyne**

does not apply retroactively to cases on collateral review.[1] *See Commonwealth v. Miller*, 102 A.3d 988, 995-96 (Pa. Super. 2014). As [Appellant's] judgment became final well before *Alleyne* was decided, this argument is meritless and this [c]ourt lacks jurisdiction to consider [Appellant's] instant Petition. *See Commonwealth v. Hall*, [771 A.2d 1232 (Pa. 2001).]

Furthermore, 42 Pa.C.S. § 9545(b)(2) requires defendant's [*sic*] to file a PCRA [P]etition within sixty (60) days of the date the claim could have been presented. *Alleyne* was decided on June 17, 2013, more than two and one half years before [Appellant] filed the instant PCRA Petition. *Wolfe* was decided on December 24, 2014, almost one and one half years before [Appellant] filed the instant PCRA Petition. Accordingly, even if *Alleyne* did create a new constitutional right and it was determined to apply retroactively, [Appellant's] instant petition is untimely pursuant to 42 Pa.C.S. § 9545(b)(2).

Finally, [Appellant] alleges that he was sentenced under 42 Pa.C.S. § 9718(a)(1) which concerns offenses against infant persons. [Appellant] is wrong. The victim in the underlying case was thirty (30) years-old at the time the offense was committed. *See* Motion for PCRA Restoration of Appeal Rights, ¶ 18(a), 9/17/07. [Appellant] was not sentenced under 42 Pa.C.S. § 9718(a)(1), and no mention of 42 Pa.C.S. § 9718(a)(1) exists in the record. As such, even if the instant PCRA [Petition] satisfied the aforementioned requirements, [Appellant's] argument fails on substantive grounds.

PCRA Opinion, 6/6/16, at 4-5 (unpaginated, footnotes omitted).

We agree with the PCRA court's conclusion that Appellant's instant PCRA petition was patently untimely and that he failed to prove the applicability of any of the PCRA's timeliness exceptions. Therefore, the PCRA

---

[1] Moreover, the Pennsylvania Supreme Court has explicitly held that *Alleyne* does not apply retroactively on collateral review. *Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016).

court lacked jurisdiction to address his claims and properly dismissed his Petition seeking relief under **Alleyne**. Furthermore, our review of the record confirms that Appellant was not sentenced under 42 Pa.C.S. § 9718. Accordingly, even if he had timely filed his PCRA Petition, we agree with the PCRA court that he would likewise not be entitled to relief on substantive grounds.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/23/2016