J-S42029-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JAMES MARIO PRIDGEN | |
| Appellant | No. 1653 MDA 2016 |

Appeal from the PCRA Order September 9, 2016
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0003471-1992

BEFORE:  OLSON, J., MOULTON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MOULTON, J.:                **FILED NOVEMBER 15, 2017**

James Mario Pridgen appeals, *pro se*, from the September 9, 2016 order

entered in the Lancaster County Court of Common Pleas dismissing as

untimely his serial petition filed under the Post Conviction Relief Act ("PCRA"),

42 Pa.C.S. §§ 9541-46.  We affirm.

In a previous memorandum, we set forth the history of this case:

> On July 22, 1993, a jury found [Pridgen] guilty of first
> degree murder[1] in connection with a shooting death in
> Lancaster in the early morning hours of November 8, 1992.
> At that time, [Pridgen] became embroiled in an argument
> over drug sales with one of his accomplices.  [Pridgen] drew
> a handgun and attempted to shoot the other party, but that
> person evaded the shot, which then struck another of
> [Pridgen]'s compatriots in the head.  The young man died
> the following day.  Judgment of sentence was imposed
> immediately following the verdict with [Pridgen] receiving a

---

[1] 18 Pa.C.S. § 2502(a).

term of life imprisonment. This court affirmed the judgment of sentence on June 14, 1995, and our [S]upreme [C]ourt denied appeal on November 29, 1995.

On May 23, 1996, [Pridgen] filed his first collateral petition pursuant to the PCRA. Counsel was appointed and filed an amended petition. On April 10, 1997, a hearing was held, and on July 2, 1997, the court denied relief. This court affirmed the decision on appeal. ***Commonwealth v. Pridgen***, 723 A.2d 235 (Pa.Super. 1998) (unpublished memorandum) *appeal denied*, 557 Pa. 653, 734 A.2d 866 (1999).

***Commonwealth v. Pridgen***, No. 1962 MDA 2009, unpublished mem. at 1-2 (Pa.Super. filed Aug. 16, 2010).

In the following years, Pridgen filed multiple unsuccessful PCRA petitions and requests for *habeas corpus* relief. On July 28, 2016, Pridgen filed the instant PCRA petition. On August 11, 2016, the PCRA court notified Pridgen of its intent to dismiss without a hearing, pursuant to Pennsylvania Rule of Criminal Procedure 907. Pridgen responded to the Rule 907 notice on August 29, 2016. On September 9, 2016, the PCRA court dismissed Pridgen's petition. On September 29, 2016, Pridgen filed a timely notice of appeal.

Pridgen raises the following issues on appeal:

1. Whether the habeas corpus was the proper avenue to correct a matter of subject matter jurisdiction which can not [be] waived nor forfeited by the courts, because of the due process and equal protection clauses, and [E]ighth [A]mendment[.[2]]

_____

[2] While Pridgen maintains *habeas corpus* relief is the proper avenue for his claims, the PCRA court properly treated his claims, which request relief from an illegal sentence and challenge the criminal information, as a request

- 2 -

2. Whether the trial court committed fraud upon itself by securing a conviction on essential elements of an offense not made subject in the criminal information[.]

3. Whether [Pridgen] was provided a[n] actual "judgment of sentence order" by the trial court citing the "statutory authority" to impose a "mandatory sentence"[.]

4. Whether [Pridgen] can factually raise a[n] allegation of an illegal sentence when there is no "statutory authorization" being cited within the sentencing order of what sentencing statute was utilized to justify the pronounced sentence[.]

Pridgen's Br. at iv (some capitalization omitted).

Our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa.Super. 2011).

It is well settled that "the timeliness of a PCRA petition is a jurisdictional requisite." **Commonwealth v. Brown**, 111 A.3d 171, 175 (Pa.Super. 2015),

_____

for PCRA relief. **See** 42 Pa.C.S. § 9542 ("The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*."); **see also Commonwealth v. Hall**, 771 A.2d 1232, 1235 (Pa. 2001) ("The plain language of the statute above demonstrates quite clearly that the General Assembly intended that claims that could be brought under the PCRA must be brought under that Act. No other statutory or common law remedy 'for the same purpose' is intended to be available; instead, such remedies are explicitly 'encompassed' within the PCRA.") (emphasis omitted). Further, we addressed this claim thoroughly in our August 16, 2010 memorandum, **see Pridgen**, No. 1962 MDA 2009, unpublished mem. at 4-6, and more recently in **Commonwealth v. Pridgen**, No. 2121 MDA 2015, unpublished mem. at 4-5 (Pa.Super. filed Aug. 20, 2016).

*app. denied*, 125 A.3d 1197 (Pa. 2015). A PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

The trial court sentenced Pridgen on July 22, 1993. On June 14, 1995, we affirmed Pridgen's judgment of sentence. The Pennsylvania Supreme Court denied Pridgen's petition for allowance of appeal on November 29, 1995. He did not file a petition for writ of *certiorari* with the United States Supreme Court. Therefore, Pridgen's current petition, filed on July 28, 2016, is facially untimely.

To overcome the time bar, Pridgen was required to plead and prove one of the following exceptions: (i) unconstitutional interference by government officials; (ii) newly discovered facts that could not have been previously ascertained with due diligence; or (iii) a newly recognized constitutional right that has been held to apply retroactively. **See** 42 Pa.C.S. § 9545(b)(1)(i)-(iii). To invoke one of these exceptions, Pridgen must have filed his petition within 60 days of the date the claim could have been presented. **See** 42 Pa.C.S. § 9545(b)(2).

Pridgen's PCRA petition failed to plead or prove any exception to the one-year time bar. Therefore, because Pridgen's petition was untimely, the PCRA court properly dismissed the petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/15/2017