J-S72013-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JUDAH O. O. JAMISON, | |
| Appellant | No. 3427 EDA 2016 |

Appeal from the PCRA Order Entered October 11, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0305821-2006

BEFORE:  BENDER, P.J.E., MUSMANNO, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:           **FILED FEBRUARY 20, 2018**

Appellant, Judah O. O. Jamison, appeals from the post-conviction court's October 11, 2016 order denying, as untimely, his second petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

We need not reproduce the facts and procedural history of this case, which are summarized by the PCRA court in its Pa.R.A.P. 1925(a) opinion. **See** PCRA Court Opinion (PCO), 3/21/17, at 1-3.  We only note that, in this timely appeal, Appellant argues that a mandatory minimum sentence applied in his case is illegal under **Alleyne v. United States**, 133 S.Ct. 2151, 2163 (2013) (holding that "facts that increase mandatory minimum sentences

_____

[*] Former Justice specially assigned to the Superior Court.

must be submitted to the jury" and found beyond a reasonable doubt).  In its opinion, the PCRA court cogently discusses why Appellant cannot rely on **Alleyne**, or its progeny, to overcome the one-year time-bar of the PCRA. **See** PCO at 3-9.  Therefore, we adopt the trial court's opinion as our own, and affirm the order denying Appellant's PCRA petition for the reasons set forth therein.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: <u>2/20/2018</u>

**COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
CRIMINAL TRIAL DIVISION**

Received

MAR 21 2017

Office of Judicial Records
Appeals/Post Trial

**COMMONWEALTH OF PENNSYLVANIA**

v.

**JUDAH JAMISON**



CP-51-CR-0305821-2006 Comm. v. Jamison, Judah O
Opinion

7921784791

**CP-51-CR-0305821-2006**

**3427 EDA 2016**

<u>OPINION</u>

<u>LEON W. TUCKER, S.J.</u>                          DATE: March 21, 2017

This matter comes before the Superior Court following the dismissal of a Post-Conviction

Relief Act ("PCRA")[1] petition filed by Judah Jamison (hereafter "Petitioner").

I.    **Facts and Procedural History**

On March 5, 2007, the Petitioner entered an open guilty plea on the charges of involuntary

deviate sexual intercourse by forcible compulsion,[2] unlawful contact with minor,[3] statutory sexual

assault,[4] and corruption of minors before this court.[5] On June 13, 2007, this court sentenced

Petitioner to an aggregate sentence of six (6) to twelve (12) years of incarceration followed by ten

(10) years of probation. The Petitioner was subject to a mandatory minimum sentence for the

conviction of involuntary deviate sexual intercourse with a victim that was less than sixteen (16)

years of age, pursuant to 42 Pa. Cons. Stat. § 9718 (held unconstitutional by *Commonwealth v.*

*Wolfe*, 140 A.3d 651 (Pa. 2016)). Petitioner filed a post-sentence motion for reconsideration of

---

[1] 42 Pa. Cons. Stat. §§ 9541-9546.
[2] 18 Pa. Cons. Stat. § 3123(a)(1).
[3] 18 Pa. Cons. Stat. § 6318(a)(1).
[4] 18 Pa. Cons. Stat. § 3122.1.
[5] 18 Pa. Cons. Stat. § 6301.

sentence, which was denied as an operation of law on October 22, 2007. The Petitioner did not appeal his judgment of sentence nor the denial of his post-sentence motion. On February 22, 2012, Petitioner filed his first PCRA petition, which raised a number of ineffective assistance claims regarding his trial counsel. The court dismissed the petition as untimely on December 17, 2012. The Superior Court affirmed the dismissal on November 20, 2013.[6] On June 5, 2014, the Pennsylvania Supreme Court denied a petition for allowance of appeal.[7]

The Petitioner filed the instant PCRA petition, his second, on June 30, 2014. Petitioner subsequently filed two amended PCRA petitions on February 9, 2015, and August 3, 2015, reiterating the same claim of an unconstitutional sentence raised in his June, 2014 petition. The court issued a notice of intent to dismiss the petition ("907 notice"), pursuant to Pa.R.Crim.P. 907, on July 7, 2016. On July 25, 2016, prior to the dismissal of the PCRA petition, Barnaby Wittels, Esquire entered his appearance. Attorney Wittels filed a motion for extension of time to file objections to the 907 notice. The court granted the extension and Attorney Wittels filed a response to the 907 notice on August 23, 2016. On October 11, 2016, the court formally dismissed the PCRA petition as untimely. The Petitioner filed a notice of appeal on October 26, 2016. The Petitioner filed a statement of matters complained on appeal ("1925(b) statement") on November 14, 2016, in response to the court's November 4, 2016 order requesting the statement in accordance with Pa.R.A.P. 1925(b). Due to its lengthiness, the court will not reproduce the 1925(b) statement verbatim, as is custom. The Petitioner's 1925(b) statement centered on one alleged error – a claim that the PCRA court erred in dismissing the petition because *Commonwealth v. Ciccone*, No. 3114 EDA 2014, 2016 WL 7217269 (Pa. Super. 2016) entitled the Petitioner to relief.

---

[6] *Commonwealth v. Jamison*, No. 138 EDA 2013 (Pa. Super. Nov. 20, 2013) (unpublished memorandum).
[7] *Commonwealth v. Jamison*, No. 635 EAL 2013 (Pa. June 5, 2014) (per curiam).

2

## II.    Legal Analysis

Under 42 Pa. Cons. Stat. §§ 9541-9546, commonly known as the Post Conviction Relief Act, a petitioner is required to plead and prove by a preponderance of the evidence that he was convicted or sentenced as a result of one of the grounds enumerated in subsection (a)(2) to obtain post-conviction relief. 42 Pa. Cons. Stat. § 9543(a)(2). He must also prove the claimed errors were not previously litigated or waived and "the failure to litigate the issue prior to or during trial, . . . or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel." *Id.* § 9543(a)(4). An issue is considered previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." *Id.* § 9544(a)(2). An issue is considered waived "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." *Id.* § 9544(b).

### a.    The PCRA court was without jurisdiction to make a determination on the merits of the PCRA petition as it was untimely filed and did not qualify for any of the three statutory exceptions for untimeliness.

Petitioner's sole claim is that the PCRA court erred in not granting relief to Petitioner because the entirety of Pennsylvania's mandatory sentencing scheme was rendered unconstitutional and illegal by the *Commonwealth v. Ciccone,* No. 3114 EDA 2014, 2016 WL 3902841 (Pa. Super. July 12, 2016) and *Alleyne v. United States,* 133 S.Ct. 2151 (2013) decisions. In *Alleyne,* the Supreme Court of the United States held any fact that increases a mandatory minimum sentence is an element of the crime and must be proven to a jury beyond a reasonable doubt. *Alleyne v. United States,* 133 S.Ct. 2151 (2013). As a result of the *Alleyne* decision, Pennsylvania courts had to rule upon the impact of *Alleyne* on various mandatory minimum sentencing statutes and the proper channel for seeking relief under *Alleyne.* In one

3

particular case, *Commonwealth v. Ciccone*, the Superior Court had to determine whether a petitioner was entitled to seek relief under *Alleyne* via a timely PCRA petition. No. 3114 EDA 2014, 2016 WL 3902841 (Pa. Super. July 12, 2016). In contrast to the petitioner in *Ciccone*, Petitioner has failed to establish the PCRA court has jurisdiction to review the merits of his untimely petition.

A petitioner must file a PCRA petition, including second and subsequent petitions, within one year of the date when the judgment becomes final. 42 Pa. Cons. Stat. § 9545(b). A judgment is considered final at the close of direct review or when the time to seek review expires. *Id.* § 9545(b)(3). There are three exceptions to the one-year time limitation:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* § 9545(b)(1). Pennsylvania courts have no jurisdiction to address the substantive merits of PCRA petitions that are untimely without exception. *See e.g. Commonwealth. v. Robinson*, 837 A.2d 1157, 1163 (Pa. 2003); *Commonwealth v. Hall*, 771 A.2d 1232, 1234 (Pa. 2001) ("Pennsylvania courts lack jurisdiction to entertain untimely PCRA petitions."). Even if the petitioner is serving an illegal sentence, which is reviewable under the PCRA, his claim is still subject to the time limitations under the PCRA. *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999).

4

In the instant matter, the Petitioner's judgment of sentence became final on or about November 21, 2007, thirty (30) days after the order denying Petitioner's post-sentence motion for reconsideration by operation of law was entered. *See* 42 Pa. Cons. Stat. § 9545(b)(3); Pa.R.Crim.P. 720(A)(2)(b). The instant matter was not filed until June 30, 2014 – almost seven (7) years after Petitioner's judgment of sentence became final. As his claim was filed well beyond the one-year timeline, Petitioner was required to properly plead and prove one of the timeliness exceptions for the court to consider the substantive merits of his petition. As discussed below, Petitioner failed to establish any exception for his untimely petition. Although claims of an illegal sentence are generally reviewable under the PCRA, Petitioner's claim is still subject to the time limitations of the PCRA. Without any exception for his untimeliness, the PCRA court was without jurisdiction to review the merits of his claim and accordingly dismissed his petition.

### b. Petitioner's reliance on *Commonwealth v. Ciccone*, No. 3114 EDA 2014, 2016 WL 3902841 (Pa. Super. July 12, 2016) is misplaced and fails to establish an exception for the untimeliness of his petition.

Petitioner attempts to establish an exception for his untimely petition under the after-recognized constitutional right exception. If a petitioner pleads and proves "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply *retroactively*," the PCRA court may consider the merits of the otherwise untimely petition. 42 Pa. Cons. Stat. § 9545(b)(1)(iii) (emphasis added). Petitioner makes a convoluted attempt to circumvent the PCRA's mandate that the after-recognized constitutional right must be held to apply retroactively by relying on the Superior Court's decision in *Commonwealth v. Ciccone*, No. 3114 EDA 2014, 2016 WL 3902841 (Pa. Super. July 12, 2016). According to Petitioner, "the Ciccone Court ruled that the change wrought by Alleyne, Newman and the subsequent cases

5

rendered any mandatory sentence illegal and unconstitutional and thus subject to review regardless of whether one conducted a retroactivity analysis under Teague v. Lane . . . or not." Pet. 1925(b) Statement at 2 (unpaginated). In essence, the Petitioner argued the court did not need to consider the retroactivity of the *Alleyne* holding because the *Ciccone* court rendered all mandatory minimum sentences illegal and thereby, always subject to review regardless of the timeliness of the PCRA petition. However, Pennsylvania courts have squarely addressed the retroactivity of *Alleyne* and unequivocally held that *Alleyne* does not apply retroactively to petitioners seeking relief via untimely PCRA petitions. *See Commonwealth v. Washington*, 142 A.3d 810 (Pa. 2016). The Petitioner is not entitled to relief because he untimely filed his PCRA petition and failed to establish an exception for his untimeliness.

First, the Superior Court's holding in *Commonwealth v. Ciccone*, No. 3114 EDA 2014, 2016 WL 3902841 (Pa. Super. July 12, 2016) does not establish an exception to timeliness that would allow the PCRA court to review the merits of the petition. The after-recognized constitutional right exception requires the constitutional right to be recognized by either the Supreme Court of the United States or the Supreme Court of Pennsylvania. 42 Pa. Cons. Stat. § 9545(b)(1)(iii). Petitioner's claim that the *Ciccone* holding renders the entirety of Pennsylvania's mandatory sentencing regime unconstitutional is inaccurate, but moreover it is of no matter as *Ciccone* was decided by the Pennsylvania Superior Court – not the Supreme Court of the United States or the Pennsylvania Supreme Court as required for the after-recognized constitutional right. *See id.* To clarify, the *Ciccone* holding centered on the propriety of a petitioner challenging an illegal sentence via a timely PCRA petition; "[a]ccordingly, we hold that when an unconstitutional mandatory minimum sentencing statute results in an illegal sentence, that illegal sentence can be corrected via a *timely* PCRA petition, irrespective of whether retroactive application of the underlying

6

constitutional ruling is *required* under the [*Teague v. Lane*, 109 S.Ct. 1060 (1989)] framework." *Ciccone*, 2016 WL 3902841, at *11 (emphasis in original). The Petitioner has erroneously relied upon the Superior Court's holding in *Ciccone* to establish an after-recognized constitutional right that would excuse his untimely petition. *See Commonwealth v. Copenhefer*, 941 A.2d 646, 649–650 (Pa. 2007) (highlighting subsection 9545(b)(1)(iii)'s requirement that the constitutional right asserted was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania). As *Ciccone* was decided by the Pennsylvania Superior Court, it does not meet the mandates of subsection 9545(b)(1)(iii) nor excuse Petitioner's untimeliness.

Second, the Pennsylvania Supreme Court was unambiguous in its holding regarding retroactivity of *Alleyne*. In *Commonwealth v. Washington*, the court held *Alleyne* did not apply retroactively to petitioners seeking to collaterally attack mandatory minimum sentences. 142 A.3d 810 (Pa. 2016). In *Washington*, the court considered the retroactivity of the *Alleyne* decision in its review of the dismissal of a PCRA petition filed by an appellant who was subject to a mandatory minimum sentence. The court concluded "that *Alleyne* does not apply retroactively to cases pending on collateral review." *Id.* at 820. Although the Petitioner argues that *Ciccone* provides relief for unconstitutional mandatory minimum sentences regardless of a *Teague* analysis[8] on retroactivity, that argument directly contradicts the Supreme Court of Pennsylvania – the highest court in the Commonwealth of Pennsylvania – and its application of *Teague* to determine retroactivity of *Alleyne*. As the Pennsylvania Supreme Court has established

---

[8] In *Teague v. Lane*, the Supreme Court of the United States set forth a framework to determine the applicability and retroactivity of new rules. 109 S.Ct. 1060 (1989). When a new rule is established, the old rule will apply to cases on direct or collateral review. *Id.* at 1070-75. The new rule will only apply to cases still on direct review and will apply retroactively if (1) the rule is substantive, or (2) the rule is a "watershed rule[] of criminal procedure." *Id.* at 1075-76.

7

that *Alleyne* is not to be applied retroactively, Petitioner has failed to establish an exception for his untimeliness under subsection 9545(b)(1)(iii) of the PCRA. *See* 42 Pa. Cons. Stat. § 9545(b)(1)(iii).

Lastly, Petitioner's argument that he is still entitled to relief under *Ciccone* regardless of the *Washington* decision neglects to address the important and dispositive differences in the facts of the *Ciccone* case in contrast to Petitioner's case. In *Ciccone*, the petitioner, Sean Ciccone, pled guilty to felony drug charges and related conspiracy and possession charges. *Ciccone*, 2016 WL 3902841, at *1. Ciccone was sentenced to a mandatory minimum sentence under 18 Pa. Cons. Stat. § 7508(a)(1)(ii), the applicable statute for possession of a certain amount of marijuana plants. *Id.* Ciccone's judgment of sentence became final on October 10, 2011 and he timely filed his PCRA petition on April 9, 2012 – well within the one year deadline mandated under the PCRA. *Id.* On appeal from the denial of his PCRA petition, the Superior Court addressed one specific question: "whether the PCRA petitioner is entitled to relief when he raises, in a *timely* PCRA petition, a claim that his sentence is illegal pursuant to *Alleyne v. United States* . . . , and *Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014) (*en banc*)?" *Id.* at *2 (emphasis added). Although the *Ciccone* decision discusses the *Alleyne* decision and its progeny, it does not recognize a constitutional right in the same manner as *Alleyne*. More importantly, the *Ciccone* court is explicit that its holding relies upon the timeliness of Ciccone's PCRA petition and addresses the correction of illegal sentences when "jurisdiction is not in doubt." *Id.* at *8.

In the instant matter, the Petitioner has failed to establish jurisdiction for his untimely petition. Petitioner cannot seek to have the holding of a case based on a timely PCRA petition apply to his untimely matter. The Petitioner filed his petition well beyond the one-year deadline mandated by the PCRA. *See* 42 Pa. Cons. Stat. § 9545(b). It was necessary for him to establish

8

an exception to his untimeliness for jurisdiction to remain with the PCRA court to review the substantive merits of his petition. *See e.g. Commonwealth v. Hall*, 771 A.2d 1232 (Pa. 2001). As discussed above, Petitioner failed to prove the after-recognized constitutional right, which would excuse his untimeliness. He cannot now attempt to evade the mandates of the PCRA by relying upon a case, which was predicated on a timely PCRA petition. Petitioner is not entitled to relief on his untimely PCRA petition and cannot rely upon *Ciccone* to excuse his untimeliness.

## III. Conclusion

Petitioner failed to establish an exception for his untimely petition. Regardless of his claim of an illegal sentence based on *Alleyne v. United States*, 133 S.Ct. 2151 (2013), Petitioner is still subject to the time limitations of the PCRA. Without any exception for his untimeliness, the PCRA court was without jurisdiction to review the substantive merits of his petition and accordingly dismissed the Petitioner's PCRA petition. This court's ruling should stand.

BY THE COURT:

LEON W. TUCKER, S.J.

9

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## CRIMINAL TRIAL DIVISION

COMMONWEALTH V. JUDAH JAMISON        CP-51-CR-0305821-2006

OPINION

## PROOF OF SERVICE

I hereby certify that I am this day serving the foregoing Court Order upon the person(s) and in the manner indicated below, which service satisfies the requirements of PA.R.CRIM.P. 114:

*Counsel for Petitioner:*        Barnaby Wittels, Esquire
LaCheen & Wittels, LLP
1429 Walnut Street
Suite 1301
Philadelphia, PA 19102

*Type of Service:*        ( ) Personal    ( X ) First Class Mail ( ) Other

*District Attorney:*        Hugh Burns Jr., Esquire
Appeals Unit, District Attorney's Office
Widener Building
3 South Penn Square
Philadelphia, PA 19107

*Type of Service:*        ( ) Personal    ( X ) First Class Mail ( ) Other

Dated: 3/21/17

_____
Law Clerk's Signature

10