J-S71012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| THOMAS J. CROSSLEY | : | |
| | : | |
| Appellant | : | No. 1920 EDA 2017 |

Appeal from the PCRA Order May 5, 2017
In the Court of Common Pleas of Delaware County
Criminal Division at No(s):  CP-23-CR-0004523-2009
CP-23-CR-0004531-2009
CP-23-CR-0005623-2009

BEFORE:   PANELLA, J., STABILE, J., and PLATT*, J.

JUDGMENT ORDER BY PANELLA, J.                **FILED MARCH 09, 2018**

*Pro se* Appellant, Thomas Crossley, contends the court erred in treating his petition for *habeas corpus* relief as his fourth Post Conviction Relief Act ("PCRA") petition and dismissing it as untimely. Crossley's petition asserts appointed counsel for his first PCRA petition was ineffective. He argues this allegation does not fall within the purview of the PCRA. We affirm.[1]

---

* Retired Senior Judge assigned to the Superior Court.

[1] While Crossley's notice of appeal was filed more than 30 days after the entry of the order dismissing his petition, we note the date on the notice falls within the 30 day period. Since Crossley is currently incarcerated, we
*(Footnote Continued Next Page)*

On March 3, 2010, Crossley was sentenced to a term of imprisonment of 10 to 30 years after he pled guilty to 70 counts of burglary and associated crimes. He filed his first PCRA petition on July 27, 2010. The court appointed Henry Benedetto Forrest, Esquire, to represent Crossley. However, Attorney Forrest subsequently moved to withdraw his appearance after concluding Crossley had no meritorious issues.

The PCRA court granted Attorney Benedetto leave to withdraw and dismissed Crossley's petition. This Court affirmed the dismissal on April 2, 2012. Shortly after, Crossley filed his second PCRA petition, asserting his guilty pleas were unlawfully induced.

New counsel, Stephen Molineux, Esquire, was appointed to represent Crossley in the prosecution of his second PCRA petition. However, Attorney Molineux was subsequently permitted to withdraw after he concluded there was no merit in Crossley's claims. The PCRA court dismissed Crossley's second petition and this Court concluded Crossley's petition was properly dismissed as untimely. The panel noted in its judgment order that Crossley argued his petition was timely because Attorney Forrest had abandoned him during the prosecution of his first PCRA petition. *See Commonwealth v. Crossley*, No(s). 1905 EDA 2014, 2002 EDA 2014, 2071 EDA 2014, at 3 (Pa. Super., filed 2/6/15) (Judgment Order).

*(Footnote Continued)* ————————————

conclude the appeal was timely filed pursuant to the prisoner mailbox rule. *See Commonwealth v. Jones*, 700 A.2d 423, 426 (Pa. 1997).

Approximately six months later, Crossley filed a petition for writ of *habeas corpus*. The court treated it as Crossley's third PCRA petition and dismissed it as untimely. This Court affirmed on July 13, 2016.

On March 3, 2017, Crossley filed this petition, asserting Attorney Forrest abandoned him. He argues this claim does not fall within the purview of the PCRA. He is wrong. **See Commonwealth v. Jette**, 23 A.3d 1032, 1044 n.14 (Pa. 2011). "Where, as here, a defendant's post-conviction claims are cognizable under the PCRA, the common law and statutory remedies now subsumed by the PCRA are not separately available to the defendant." **Commonwealth v. Hall**, 771 A.2d 1232, 1235 (Pa. 2001) (citations omitted).

The court properly treated Crossley's petition as his fourth PCRA petition. Crossley did not plead, and has not argued, that his facially untimely petition qualifies for an exception to the PCRA's time-bar. We therefore affirm the order dismissing Crossley's petition.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date:3/9/18

- 3 -