J-S85024-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                           :          PENNSYLVANIA
                           :
            v.                   :
                           :
                           :
JAMES DONALD GILLIN        :
                           :
           Appellant        :     No. 901 WDA 2017

Appeal from the Order May 24, 2017
In the Court of Common Pleas of Fayette County
Criminal Division at No(s):  CP-26-CR-0001473-1999

BEFORE:  BOWES, J., PANELLA, J., and STABILE, J.

JUDGMENT ORDER BY PANELLA, J.              FILED MAY 14, 2018

James Gillin appeals pro se from the order dismissing his third petition pursuant to the Post Conviction Relief Act ("PCRA") as untimely. We affirm.

A jury convicted Gillin of intentionally murdering his 25-year-old adopted daughter who suffered from a mental disability and abusing her corpse. This Court affirmed his judgment of sentence on March 4, 2002. He did not seek allowance of appeal with our Supreme Court.

After the dismissal of his first two PCRA petitions, he filed this petition, entitled "Habeas Corpus." While the record is not entirely clear on this issue, it appears that Gillin mailed the petition to the court and to the Pennsylvania Office of the Attorney General, who forwarded the petition to the District Attorney of Fayette County on March 23, 2017. The petition itself is not docketed on the record until July 21, 2017, nearly two months after the court

dismissed it. As in any event the court correctly determined the petition to be an untimely PCRA petition, we need not address this procedural irregularity.

Gillin's "Habeas Corpus" petition seeks to have his judgment of sentence reversed and end his imprisonment. The court therefore properly treated his petition as a PCRA petition. See Commonwealth v. Hall, 771 A.2d 1232, 1235 (Pa. 2001) ("Where, as here, a defendant's post-conviction claims are cognizable under the PCRA, the common law and statutory remedies now subsumed by the PCRA are not separately available to the defendant.")

Furthermore, it is clear the court correctly found the petition to be untimely under the PCRA. For a court to entertain any PCRA petition, the petition must be filed no later than one year after petitioner's judgment of sentence becomes final, unless he establishes one of the enumerated exceptions to the timebar. See Commonwealth v. Jones, 54 A.3d 14, 16 (Pa. 2012); 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Gillin's judgment of sentence became final on April 3, 2002, thirty days after this Court affirmed his judgment of sentence. 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 1113(a). This petition, arguably filed on March 23, 2017, is therefore facially untimely unless he can establish an enumerated exception.

On appeal, Gillin does not even attempt to argue the applicability of a timeliness exception. Indeed, his brief is a miasma of questionable quotes from James Bond movies, culinary advice ("You can't make chicken chowmein

[sic] out of chicken shit"), and a rambling discussion of the symbolism and meaning of The Wizard of Oz.

To the best we can discern his intent,[1] Gillin argues the evidence at trial was insufficient to establish he intended to kill his daughter. Put simply, this argument does not address the basis of the PCRA court's order. Gillin has failed to persuade us the court erred in finding his petition untimely. We therefore affirm the order dismissing his petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/14/2018

_____

[1] Gillin's use of the English language is often perplexing: "Fully articulated creativity imaginary agnostic capacity psychology and premises complexess [sic] hypothetical synchronized paradox-equanimityically [sic]." Appellant's Brief, at 8. What?