J-S85016-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
ALBERT JOSEPH ELZA :
:
Appellant : No. 598 WDA 2017

Appeal from the PCRA Order April 4, 2017
In the Court of Common Pleas of Washington County
Criminal Division at No(s): CP-63-CR-0001569-2013

BEFORE: BOWES, J., PANELLA, J., and STABILE, J.

MEMORANDUM BY PANELLA, J.                    FILED APRIL 30, 2018

Albert Joseph Elza appeals from the order entered in the Washington
County Court of Common Pleas, denying as untimely his first petition filed
pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-
9546. We affirm.

On October 31, 2014, Appellant pled guilty to aggravated assault by
vehicle while driving under the influence; driving under the influence – high
rate of alcohol; accident involving death or personal injury while not properly
licensed; driving with a blood alcohol content of .02 or greater while license is
suspended; recklessly endangering another person; and unauthorized use of
automobiles and other vehicles.[1] On the same date, Appellant was sentenced

_____

[1] 75 Pa.C.S.A. §§ 3735.1(a); 3802(c); 3742.1; and 1543(b)(1.1)(i),
respectively; 18 Pa.C.S.A. §§ 2705 and 3928(a), respectively.

to an aggregate two to four years' incarceration. Appellant did not file any post-sentence motions or a direct appeal.

Following the United States Supreme Court's decision in Birchfield v. North Dakota, 136 S.Ct. 2160 (2016), Appellant filed his first, pro se PCRA petition asserting Birchfield created a new constitutional right. The PCRA court appointed counsel, who filed an amended PCRA petition. The court subsequently issued notice of its intent to dismiss the petition without a hearing, pursuant to Pa.R.Crim.P. 907. The court thereafter dismissed the petition, and this appeal is now before us.

"[W]e must determine whether the ruling of the PCRA court is supported by the record and is free of legal error." Commonwealth v. Spotz, 18 A.3d 244, 259 (Pa. 2011) (citation omitted). We apply "a de novo standard of review to the PCRA court's legal conclusions." Id. (citation omitted).

Appellant insists Birchfield, which deems warrantless blood draws for suspected DUI drivers unconstitutional, creates a new constitutional right, which is an exception to the PCRA's strict time-bar. Appellant declares that in light of this alleged new right, his petition is timely and he is entitled to withdraw his guilty plea. Alternatively, Appellant argues if Birchfield is not considered a new constitutional right that is a viable exception to the PCRA's time-bar, we must instead consider his PCRA petition as a habeas corpus petition and grant appropriate relief. He is mistaken. We begin with his last contention.

"Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a habeas corpus petition." *Commonwealth v. Taylor*, 65 A.3d 462, 466 (Pa. Super. 2013) (citation omitted). "Where, as here, a defendant's post-conviction claims are cognizable under the PCRA, the common law and statutory remedies now subsumed by the PCRA are not separately available to the defendant." *Commonwealth v. Hall*, 771 A.2d 1232, 1235 (Pa. 2001) (citations omitted). Thus, we decline to consider Appellant's filing as a habeas corpus petition.

Because Appellant has filed a PCRA petition, he is subject to the PCRA's time-bar. The timeliness of a post-conviction petition is jurisdictional. *See Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). A petition for relief under the PCRA must be filed within one year of the date the judgment is final—unless the petitioner alleges, and proves, an exception to the time for filing the petition is met. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A PCRA petition invoking one of these statutory exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

To establish the new constitutional right exception to the PCRA's time-bar, a petitioner must plead and prove that the United States Supreme Court or the Supreme Court of Pennsylvania recognized a new constitutional right, in an opinion issued after the petitioner's deadline for filing a timely petition. *See* § 9545(b)(1)(iii). The petitioner must also show that the court recognized the asserted right as retroactively applicable. *See id.* Notably, "[a] contention

- 3 -

that a newly-recognized constitutional right should be extended to others does not render [a] petition [seeking such an expansion of the right] timely pursuant to section 9545(b)(1)(iii)." Commonwealth v. Furgess, 149 A.3d 90, 94 (Pa. Super. 2016) (citation omitted; brackets in original; emphasis in original).

Appellant's judgment of sentence became final on December 1, 2014, when his time for filing a notice of appeal to this Court expired.[2] Appellant filed his PCRA petition on August 30, 2016,[3] well outside of the one-year deadline for timely filing such a petition.

To the extent Appellant argues that Birchfield introduced a new constitutional right, and thus presents an exception to the PCRA's time-bar, this Court has previously addressed, and declined to grant relief on, that identical issue. See Commonwealth v. Wilcox, 174 A.3d 670, 672 (Pa. Super. 2017) ("Neither the United States Supreme Court nor our Supreme Court has held that Birchfield is to be applied retroactively to cases like the one herein where the judgment of sentence had become final prior to its disposition.")

_____

[2] Appellant had thirty days to file a notice of appeal. However, the thirtieth day was Sunday, November 30, 2014. Thus, his judgment of sentence became final on the following Monday.

[3] In his amended PCRA petition, Appellant asserts that he filed his petition on or before August 22, 2016, the sixtieth day after the U.S. Supreme Court issued its Birchfield decision. There is no evidence in the certified record to support this purported filing date. And even if Appellant had filed the petition on or before August 22, 2016, he is not entitled to relief for the reasons discussed in this memorandum.

Thus, the PCRA court did not err by summarily dismissing Appellant's PCRA petition. Accordingly, we affirm the order denying Appellant PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/30/2018