J-S42006-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
:  PENNSYLVANIA
:
v. :
:
:
:
HARRY BECKETT :
:
Appellant : No. 1064 MDA 2017

Appeal from the PCRA Order June 27, 2017
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0003393-1991

BEFORE: BOWES, J., McLAUGHLIN, J., and STRASSBURGER*, J.

MEMORANDUM BY BOWES, J.:                                **FILED JULY 17, 2018**

Harry Beckett appeals *pro se* from the order denyng his serial petitions filed pursuant to the Post Conviction Relief Act ("PCRA"). We affirm.

In 1993, Appellant was sentenced to a mandatory term of life imprisonment following his convictions for first-degree murder and criminal conspiracy. This Court affirmed the judgment of sentence, and our Supreme Court denied allowance of appeal. **See Commonwealth v. Beckett**, 654 A.2d 597 (Pa.Super. 1994), *appeal denied* 655 A.2d 982 (Pa. 1995).

Between 1996 and 2016, Appellant filed five PCRA petitions, all of which were dismissed. Between December 2016 and May 2017, Appellant filed five *pro se* documents, styled as "Show Cause Motion for Emergency Relief;" "Supplemental Emergency Release for State/Federal Constitutional **Brady**, Due Process Confrontation Violation Before/During after his 1992 Capital

_____
\* Retired Senior Judge assigned to the Superior Court.

Murder Jury Trial;" "Friend of the Court" filing; "Petition for Leave of Application of *Commonwealth v. Burton*;" and "Worthy of PCRA/State Writ of *Habeas Corpus*." On June 27, 2017, the PCRA court entered an order denying all of these filings.

Appellant filed a timely *pro se* notice of appeal. The PCRA court entered an order directing Appellant to file either a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal or a statement of intent to file an *Anders*/*McClendon*[1] brief. Appellant thereafter filed an eleven-page document purporting to be a statement of his intent to file an *Anders*/*McClendon* brief. The PCRA court filed a statement in lieu of a Pa.R.A.P. 1925(a) opinion wherein it noted that, to the extent it was able to discern Appellant's statement, it appeared that Appellant was attempting to raise the following issues: (1) his Veterans Affairs disability is "after discovered evidence" that timely satisfies 42 Pa.C.S.§ 9545(b)(1)(ii); and (2) because his co-defendant, Lewis Manor, was exonerated, material evidence was somehow withheld from him at the time of trial. However the PCRA court did not address those claims, and urged dismissal of the instant appeal on the basis that Appellant's statement did not comply with the Pennsylvania Rules of Appellate procedure insofar as it (1) did not concisely identify which error

---

[1] *See Anders v. California*, 386 U.S. 738, 744 (1967), and *Commonwealth v. McClendon*, 434 A.2d 1185 (Pa. 1981).

or ruling that he intended to challenge; and (2) is redundant and primarily contains lengthy, nonsensical, run-on sentences.

Initially, we observe that a concise statement must be specific enough for the court to identify and address each issue the appellant wishes to raise on appeal, and this Court may find waiver where a concise statement is too vague. **Commonwealth v. Hansley**, 24 A.3d 410, 415 (Pa.Super. 2011). "When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review." **Commonwealth v. Dowling**, 778 A.2d 683, 686 (Pa.Super. 2001) (citation omitted). "A Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all." **Id.** at 686-87.

In the instant case, Appellant's statement was not specific enough for the PCRA court to meaningfully address the issues Appellant wished to raise on appeal. As such, the court did not address them. Because Appellant's vague statement has hampered our appellate review, it is waived.

Moreover, although not specifically acknowledged by the PCRA court, we view Appellant's various filings as petitions falling within the PCRA. **See** 42 Pa.C.S. § 9542 (providing that "[t]he action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*."); **see also Commonwealth v. Hall**, 771 A.2d 1232, 1235 (Pa. 2001) (holding that

"[n]o other statutory or common law remedy 'for the same purpose' is intended to be available; instead, such remedies are explicitly 'encompassed' within the PCRA.").

Additionally, any PCRA petition "**including a second or subsequent petition**, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1) (emphasis added). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." **Id**. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Appellant's judgment of sentence became final on May 28, 1995, when the period of time to file an appeal the Supreme Court of the United States expired. **See** 42 Pa.C.S. § 9545(b)(3); **see also Commonwealth v. Rojas**, 874 A.2d 638, 643 (Pa.Super. 2005). Appellant had until May 28, 1996, to file the instant PCRA petitions, but did not do so until 2016 and 2017. Thus, Appellant's petitions are facially untimely under the PCRA.

Pennsylvania courts may consider an untimely PCRA petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S. § 9545(b)(1)(i) (governmental interference); (b)(1)(ii) (after-

discovered evidence); or (b)(1)(iii) (newly recognized constitutional right). Any PCRA petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id*. § 9545(b)(2); *see also Albrecht*, 994 A.2d at 1094.

Based on our independent review of Appellant's petitions and statement, which are rambling and unintelligible, we are unable to discern any viable argument that any of the exceptions to the PCRA's time bar is applicable, or that Appellant filed any of his petitions within sixty days of the date any claim could have been presented. Accordingly, we find no error in the PCRA court's decision to deny the petitions. *See Commonwealth v. Rainey*, 928 A.2d 215, 223 (Pa. 2007) (holding that, in reviewing the denial of a PCRA petition, we examine whether the PCRA court's determination is supported by the record and free of legal error).[2]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/17/2018

---

[2] On May 29, 2018, this Court received an additional filing by Appellant entitled "Timely 'Application for leave of the Court' to Address/Correct 'Appellee Brief.'" We are unable to discern the nature of the application or the specific relief requested therein. Accordingly, it is denied.