J-S29009-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
INGRAM MOORE :
:
Appellant : No. 2168 EDA 2017

Appeal from the PCRA Order May 31, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0132231-1994

BEFORE: PANELLA, J., MURRAY, J., and STEVENS[*], P.J.E.

JUDGMENT ORDER BY PANELLA, J. **FILED SEPTEMBER 11, 2018**

Ingram Moore appeals, *pro se*,[1] from the order dismissing his petition

for writ of *habeas corpus* as an untimely Post Conviction Relief Act ("PCRA")

petition. In his petition, Moore claimed that 18 Pa.C.S.A. § 1102, the statute

under which he was sentenced to life in prison for the murder of Kevin Levy,

is unconstitutionally vague. He now argues the court erred in concluding this

claim is cognizable under the PCRA. We affirm.

"On appeal from the denial of PCRA relief, our standard and scope of

review is limited to determining whether the PCRA court's findings are

---

[*] Former Justice specially assigned to the Superior Court.

[1] The PCRA court appointed counsel to represent Moore on this petition.
However, counsel concluded the petition was without merit and the court
granted permission to withdraw.

supported by the record and without legal error." ***Commonwealth v. Edmiston***, 65 A.3d 339, 345 (Pa. 2013) (citation omitted). On questions of law, our scope of review is *de novo*. ***See id***.

Moore contends the court erred in treating his petition as a PCRA petition. If "a defendant's post-conviction claims are cognizable under the PCRA, the common law and statutory remedies now subsumed by the PCRA are not separately available to the defendant." ***Commonwealth v. Hall***, 771 A.2d 1232, 1235 (Pa. 2001) (citations omitted). It is well settled that the PCRA subsumes the remedy of *habeas corpus* when the PCRA offers a remedy. ***See Commonwealth v. West***, 938 A.2d 1034, 1043 (Pa. 2007). And the PCRA offers a remedy to prisoners who claim they are serving an illegal sentence. ***See Commonwealth v. Burkett***, 5 A.3d 1260, 1275 (Pa. Super. 2010).

In his petition, Moore requested the court find his sentence "a nullity," as he contended it was imposed without legal authority. Petition, filed 6/22/15, at 5. In other words, he claimed he was serving an illegal sentence. Thus, the court properly categorized Moore's petition as subject to the mandates of the PCRA.

Since the court properly treated Moore's petition as a PCRA petition, the jurisdictional requirements of the PCRA applied, as timeliness of a post-conviction petition is jurisdictional. ***See Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013).

Moore does not argue that his petition was timely under the PCRA. Rather, he contends the PCRA does not apply. We have already determined it does. In the alternative, Moore argues that the PCRA is an "unconstitutional infringement upon the state constitutional right of habeas corpus." Petition, filed 6/22/15, at 6. The Supreme Court of Pennsylvania has explicitly rejected this claim. *See **Commonwealth v. Peterkin***, 722 A.2d 638, 643 (Pa. 1998).

As none of Moore's arguments merit relief, we affirm the order dismissing his petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/11/18