J-S57005-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DANA EVERETT YOUNG | : | |
| | : | |
| Appellant | : | No. 1119 EDA 2018 |

Appeal from the PCRA Order March 22, 2018
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s):   CP-39-CR-0000560-1983,
CP-39-CR-0000561-1983,
CP-39-CR-0000614-1983

BEFORE:   PANELLA, J., PLATT*, J., and STRASSBURGER*, J.

MEMORANDUM BY PANELLA, J.                    **FILED DECEMBER 07, 2018**

Dana Young appeals, *pro se*, from the order dismissing his petition for writ of *habeas corpus* as an untimely Post Conviction Relief Act (PCRA) petition. Young argues his imprisonment is illegal due to: (1) Commonwealth references to photographic arrays at trial; (2) improper joinder of the trials on his charges; (3) the Commonwealth's allegedly improper *ex parte* communication with a witness; (4) the presence of an allegedly unqualified juror on his jury; and (4) his appellate counsel constructively abandoning him on direct appeal. We conclude the court properly treated Young's petition as

_____

* Retired Senior Judge assigned to the Superior Court.

a PCRA petition. Additionally, the court properly found no exception to the PCRA's time-bar applied. We therefore affirm.

Way back in 1983, a jury convicted Young of multiple crimes arising from separate knifepoint sexual assaults of two women. The court sentenced him to an aggregate term of imprisonment of twenty-one to forty-two years.

In his direct appeal, Young alleged his trial counsel was ineffective for failing to object to the joinder of his trials. This Court determined the appeal was actually a petition pursuant to the Post Conviction Hearing Act (PCHA), the predecessor to the PCRA. We therefore remanded the appeal to the trial court for further proceedings. The PCHA court found trial counsel was not ineffective, and dismissed the petition.

Young sought allowance to file an appeal *nunc pro tunc*. The petition was ultimately denied. Young appealed the denial, but subsequently withdrew the appeal.

In the intervening years, Young has filed no less than seven PCRA petitions. The latest was dismissed as untimely in 2009. Perhaps sensing a theme in the repeated dismissals of his PCRA petitions, Young switched gears. He has since filed three *pro se* motions for *habeas corpus* relief. His first and second *habeas corpus* motions were treated as PCRA petitions and dismissed as untimely. ***See Commonwealth v. Young***, No. 1668 EDA 2016 (Pa. Super. filed April 13, 2017) (unpublished memorandum).

This appeal concerns his third motion for *habeas corpus* relief, filed December 19, 2017. The PCRA court once again treated the motion as a PCRA petition, and finding it untimely, dismissed it. This appeal followed.

Young contends the court improperly treated his petition as a PCRA petition. If "a defendant's post-conviction claims are cognizable under the PCRA, the common law and statutory remedies now subsumed by the PCRA are not separately available to the defendant." **Commonwealth v. Hall**, 771 A.2d 1232, 1235 (Pa. 2001) (citations omitted). It is well settled that the PCRA subsumes the remedy of *habeas corpus* when the PCRA offers a remedy. **See Commonwealth v. West**, 938 A.2d 1034, 1043 (Pa. 2007). "[A] defendant cannot escape the PCRA time-bar by titling his motion as a writ of *habeas corpus*." **Commonwealth v. Taylor**, 65 A.3d 462, 466 (Pa. Super. 2013) (footnote omitted). And the PCRA offers a remedy to prisoners who claim they are wrongly convicted. **See Commonwealth v. Peterkin**, 722 A.2d 638, 640 (Pa. 1998). All of Young's substantive claims challenge the propriety of the truth-determining process supporting his conviction. **See** Appellant's Reply Brief, at 1 ("He is raising a challenge to his criminal proceedings as unfair in violation of due process.") Thus, the court properly treated his petition as a PCRA petition.

The court found Young's petition untimely. Generally, the PCRA grants jurisdiction to hear a collateral attack on a conviction only if a petition is filed in the year after the judgment of sentence becomes final. **See**

*Commonwealth v. Jones*, 54 A.3d 14, 16 (Pa. 2012). The judgment of sentence is final when the petitioner's direct appeal rights have been exhausted. *See id*., at 17. After the expiration of the one-year period, a petitioner must plead and prove one of three enumerated exceptions to the time-bar to establish jurisdiction under the PCRA. *See id*.

A panel of this Court found Young's eighth PCRA petition, styled as his second motion for *habeas corpus* relief, filed February 8, 2016, untimely. *See Young*, No. 1668 EDA 2016, at 6. Thus, unless Young can establish an exception to the timeliness requirement, the court had no jurisdiction to entertain his petition.

Young only presents one possible argument that his petition is timely under the PCRA: that all prior counsel were ineffective. However, ineffective assistance of prior counsel, by itself, does not qualify as an exception to the PCRA's time-bar. *See Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 785 (Pa. 2000). Thus, the PCRA court properly dismissed Young's motion.

Order affirmed.

Judge Strassburger joins the memorandum.

Judge Platt did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/7/18