J-S71011-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS CROSSLEY | : | |
| | : | |
| Appellant | : | No. 803 EDA 2018 |

Appeal from the Order February 8, 2018
In the Court of Common Pleas of Delaware County
Criminal Division at No(s):  CP-23-CR-0004523-2009

BEFORE:  PANELLA, J., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY PANELLA, J.:                    **FILED MAY 08, 2019**

Appellant, Thomas Crossley, *pro se*, appeals from an order entered by the Post Conviction Relief Act ("PCRA") court, which dismissed his petition for *habeas corpus* relief.  The PCRA court found that Crossley had filed a similar, if not identical, appeal to this Court in a prior petition for *habeas corpus* relief. As that appeal remained outstanding in this Court as of the date of the PCRA court's order, Crossley was entitled to no relief.  In the present appeal, Crossley argues that the PCRA court abused its discretion in dismissing his petition for *habeas corpus* relief because his confinement is based on a PCRA proceeding that denied him due process.  We affirm.

Crossley filed his current petition for *habeas corpus* relief on February 1, 2018.  On March 9, 2018, we affirmed the PCRA court's dismissal of Crossley's previous petition for *habeas corpus* relief, adjudicating Crossley's

*habeas* claims as falling under the auspice of the PCRA. In that judgment

order, we summarized the facts as follows:

> On March 3, 2010, Crossley was sentenced to a term of imprisonment of 10 to 30 years after he pled guilty to 70 counts of burglary and associated crimes. He filed his first PCRA petition on July 27, 2010. The court appointed Henry Benedetto Forrest, Esquire, to represent Crossley. However, Attorney Forrest subsequently moved to withdraw his appearance after concluding Crossley had no meritorious issues.
>
> The PCRA court granted Attorney Benedetto leave to withdraw and dismissed Crossley's petition. This Court affirmed the dismissal on April 2, 2012. Shortly after, Crossley filed his second PCRA petition, asserting his guilty pleas were unlawfully induced.
>
> New counsel, Stephen Molineux, Esquire, was appointed to represent Crossley in the prosecution of his second PCRA petition. However, Attorney Molineux was subsequently permitted to withdraw after he concluded there was no merit in Crossley's claims. The PCRA court dismissed Crossley's second petition and this Court concluded Crossley's petition was dismissed as untimely. The panel noted in its judgment order that Crossley argued his petition was timely because Attorney Forrest had abandoned him during the prosecution of his first PCRA petition.
>
> Approximately six months later, Crossley filed a petition for writ of *habeas corpus*. The court treated it as Crossley's third PCRA petition and dismissed it as untimely. This Court affirmed on July 13, 2016.

**Commonwealth v. Crossley**, 1920 EDA 2017, at 2-3 (Pa. Super., filed March

9, 2017)(citation omitted). We concluded that, in accordance with

**Commonwealth v. Hall**, 771 A.2d 1232, 1235 (Pa. 2001), since Crossley's

post-conviction *habeas* claims were cognizable under the PCRA, he was not

entitled to any additional pathway to relief:

- 2 -

> On March 3, 2017, Crossley filed [the] petition [subsequently dismissed and thereafter affirmed by this Court on March 8, 2018], asserting Attorney Forrest abandoned him. He argues this claim does not fall within the purview of the PCRA. He is wrong.
>
> The court properly treated Crossley's petition as his fourth PCRA petition. Crossley did not plead, and has not argued, that his facially untimely petition qualifies for an exception to the PCRA's time-bar.

***Crossley***, 1920 EDA 2017, at 3 (citations and quoted text omitted).

In Crossley's present *habeas* petition, he again advances the argument that he was abandoned by counsel and "denied his right to assistance at his initial PCRA [review]" because "counsel failed to conduct a complete and thorough investigation; and, … counsel failed to present evidence supporting those claims [Crossley] wished to pursue." Appellant's Brief, at 12. As this Court has previously determined that Crossley's abandonment contention falls within the domain of a PCRA claim, Crossley's current *habeas* petition is therefore, necessarily, a PCRA petition.

Furthermore, it is undisputed that Crossley filed his current *habeas* petition before this Court decided his appeal from an unfavorable ruling on his prior *habeas*/PCRA petition. As a result, Crossley's present *habeas* petition is, implicitly, a legal nullity, and the PCRA court was prohibited from exercising jurisdiction over his filing. "When an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition *cannot be filed* until the resolution of review of the pending PCRA petition by the highest state court in which review is sought." ***Commonwealth v. Lark***, 746 A.2d 585, 588 (Pa.

2000)(emphasis added). Recently, we elucidated upon and resultantly bifurcated the fundamental holding of **Lark**: "a PCRA court may not entertain a new PCRA petition when a prior petition is still under appellate review and, thus, is not final; however, nothing bars a PCRA court from considering a subsequent petition, even if a prior petition is pending, so long as the prior petition is not under appellate review." **Commonwealth v. Montgomery**, 181 A.3d 359, 364-65 (Pa. Super. 2018). Crossley's prior petition was not awaiting determination by the PCRA court, but was unquestionably under appellate review with this Court. Accordingly, at the time Crossley filed his present *habeas* petition, the PCRA court was jurisdictionally barred from entertaining such a request. Therefore, we affirm the PCRA court's order dismissing Crossley's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/8/19