J-S10015-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: SHAWN JAMES HAMILTON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1357 MDA 2019 |

Appeal from the Order Entered July 22, 2019
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s):  CP-40-MD-0000710-2019

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, P.J.:　　　　　**FILED: MARCH 30, 2020**

Shawn James Hamilton appeals, *pro se*, from the order dismissing his petition for writ of *habeas corpus*, which the trial court treated as a petition filed pursuant to the Post Conviction Relief Act (PCRA), **see** 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

The PCRA court outlines the history of this case as follows:

On October 24, 2012, [Hamilton] was charged with three counts of criminal homicide, one count of criminal attempt to commit criminal homicide and four counts of robbery in connection with a shooting which occurred on July 7, 2012 in Plymouth Borough, Luzerne County. [Hamilton] was subsequently charged with one count of criminal homicide on December 13, 2012 in connection with a shooting which occurred on July 6, 2012 in the City of Wilkes-Barre, Luzerne County. Trial was scheduled to commence on January 6, 2014 in connection with the October 24, 2012 incident. The Commonwealth was seeking the death penalty.

On December 20, 2013, [Hamilton] pled guilty to three counts of first degree murder and one count of criminal attempt to commit criminal homicide on information 3715 of 2012. [Hamilton] also

pled guilty to one count of first degree murder on information 99 of 2013. [Hamilton] waived his right to a pre-sentence investigation and proceeded to immediate sentencing. On December 20, 2013, [the trial court] imposed four life sentences on the first degree murder pleas along with a twenty to forty-year sentence on the criminal attempt plea. All sentences were to run consecutive.

Although [Hamilton] was advised of his appellate rights, he filed no direct appeal. He initially filed a Motion for [PCRA] Relief on April 24, 2014. A Supplement to PCRA Petition was filed on September 19, 2014 and a second Motion for [PCRA] Relief was filed on January 8, 2015, which were denied by the Pennsylvania Superior Court.

On January 18, 2017, [Hamilton] filed a Petition for Writ of Habeas Corpus Ad Subjiciendum, which this Court treated as a Motion for [PCRA] Relief. On July 22, 2019, this Court denied and dismissed [Hamilton]'s Motion for [PCRA] Relief [].

Trial Court Opinion, at 1-2.[1] This timely appeal followed.

On appeal, Hamilton contends the PCRA court erred by denying his petition for *habeas* relief pursuant to the doctrine of res judicata, by not holding a hearing pursuant to Pa.R.Crim.P. § 108 in violation of the Fourteenth Amendment, and by failing to issue a notice of intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. § 907.

---

[1] The certified record consists mainly of the PCRA court's opinion pursuant to Pa.R.A.P. 1925(a) and documents filed in a companion civil case. Thus, we are unable to verify the factual and procedural history contained in the court's opinion. Nevertheless, our disposition of the case remains the same as, although there is no support in the record, the parties do not dispute key events, filings, or other procedures. We accept these assertions without additional inquiry.

Preliminarily, we address our jurisdiction to entertain this appeal. We must determine whether the remedy Hamilton is seeking on appeal may be addressed under *habeas corpus* review or if a remedy exists under the PCRA. If "a defendant's post-conviction claims are cognizable under the PCRA, the common law and statutory remedies now subsumed by the PCRA are not separately available to the defendant." ***Commonwealth v. Hall***, 771 A.2d 1232, 1235 (Pa. 2001) (citations omitted). The PCRA incorporates the remedy of *habeas corpus* if it offers the petitioner a remedy. ***See Commonwealth v. West***, 938 A.2d 1034, 1043 (Pa. 2007). Therefore, regardless of how the petition is styled, "a defendant cannot escape the PCRA time-bar by titling his motion as a writ of *habeas corpus*." ***Commonwealth v. Taylor***, 65 A.3d 462, 466 (Pa. Super. 2013) (footnote omitted).

Here, the trial court found Hamilton's petition to be an untimely PCRA petition. We agree. To the best of our ability to decipher Hamilton's rambling and frequently incoherent argument in his petition, he essentially seems to challenge the trial court's jurisdiction to accept his plea and sentence him. Jurisdictional questions are squarely within the purview of the PCRA. ***See*** 42 Pa.C.S.A. § 9543(a)(2)(viii) ("To be eligible for relief … the petitioner must plead and prove … [t]hat the conviction or sentence resulted from … a proceeding in a tribunal without jurisdiction"). Accordingly, Hamilton's petition is not germane to *habeas* relief, and we find that the trial court properly

addressed his petition under the PCRA. As such, Hamilton's petition is subject to the PCRA's explicit time limitations.

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence becomes final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

*Commonwealth v. Jones*, 54 A.3d 14, 16-17 (Pa. 2012) (internal citations and footnote omitted).

As Hamilton sought no further review of his judgment of sentence, it became final thirty days after sentence was imposed. *See* Pa.R.A.P. 903. Accordingly, his petition, filed approximately three years later, is patently untimely. Given his belief that his petition is not subject to the PCRA, Hamilton has not asserted that his petition falls within any of the timeliness exceptions provided in the PCRA. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Therefore, neither the lower court nor this Court has jurisdiction to consider his request for relief. *See* 42 Pa.C.S. § 9545(b)(1).

We acknowledge that the trial court denied Hamilton's petition on alternative grounds, i.e. pursuant to the doctrine of *res judicata* rather than untimeliness. Nevertheless, we affirm the trial court. "A ruling or decision of

a lower court will be affirmed if it can be supported on any basis despite the lower court's assignment of a wrong reason." *Commonwealth v. Fisher*, 870 A.2d 864, 870 n.11 (Pa. 2005).

Further, we find Hamilton's first issue would be waived, as he failed to include his previous PCRA petition in the certified record. It is an appellant's responsibility to ensure that the certified record contains all the items necessary to review his claims. *See Commonwealth v. Tucker*, 143 A.3d 955, 963 n.3 (Pa. Super. 2016). "When a claim is dependent on materials not provided in the certified record, that claim is considered waived." *Commonwealth v. Petroll*, 696 A.2d 817, 836 (Pa. Super. 1997) (citation omitted). Without his prior petition for collateral relief, we could not conduct a review of his issue challenging the trial court's conclusion that the issue had been previously litigated and decided against Hamilton.

We further recognize the merit to Hamilton's claim that the trial court failed to comply with Pa.R.Crim.P. 907 when it dismissed his petition without issuing notice of intent to dismiss. However, where our independent review reveals the petition is untimely, failure to issue notice pursuant to Rule 907 does not require reversal. *See Commonwealth v. Pursell*, 749 A.2d 911, 917 n.7 (Pa. 2000). Since the trial court was without jurisdiction to reach the merits of the untimely petition, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 03/30/2020