J-A19042-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BENITO SERRANO-PENA | : | |
| | : | |
| Appellant | : | No. 1577 MDA 2023 |

Appeal from the PCRA Order Entered October 19, 2023
In the Court of Common Pleas of Franklin County Criminal Division at
No(s):  CP-28-CR-0002174-2018

BEFORE:   PANELLA, P.J.E., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED: AUGUST 30, 2024**

Appellant, Benito Serrano-Pena, appeals from the October 19, 2023, order entered in the Court of Common Pleas of Franklin County dismissing his counseled "Petition to Vacate Sentence" under the ambit of the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9545.  After a careful review, we affirm.

The relevant facts and procedural history are as follows: The Commonwealth charged Appellant with driving while under the influence ("DUI")-general impairment/incapable of driving safely-1st offense, DUI-highest rate of alcohol (BAC .16+)-1st offense, disregard of traffic lane, and

---

[*] Former Justice specially assigned to the Superior Court.

careless driving.[1]  On December 5, 2018, Appellant, who was represented by counsel, entered a negotiated guilty plea to the charge of DUI-highest rate of alcohol (BAC .16+)-1st offense, and in exchange, the Commonwealth agreed to dismiss the remaining charges.  Additionally, the parties' plea agreement provided Appellant would be sentenced to six months intermediate punishment with the first 72 hours in the Franklin County Jail weekend program.  N.T., 12/5/18, at 3.

On January 9, 2019, Appellant proceeded to a sentencing hearing at which the Commonwealth reminded the trial court that the parties had entered into a plea agreement.  N.T., 1/9/19, at 2.  The trial court accepted the parties' plea agreement and sentenced Appellant in accordance therewith to six months intermediate punishment with the first 72 hours in the Franklin County Jail weekend program.  *Id.* at 3.

Appellant filed neither a timely post-sentence motion nor a direct appeal.  However, on June 22, 2023, he filed a counseled "Petition to Vacate Sentence."  Therein, Appellant requested the lower court vacate his guilty plea and resulting judgment of sentence as he was unaware of the immigration consequences when he pled guilty.  That is, Appellant, who immigrated to the United States from El Salvador when he was a teenager via the federal

---

[1] 75 Pa.C.S.A. §§ 3802(a)(1), 3802(c), 3309(1), and 3714(a), respectively.

D.A.C.A.[2] program, averred he is facing deportation due to his DUI conviction, and at the time he pled guilty, he was unaware that he could be deported. Thus, Appellant averred his guilty plea was unknowingly and involuntarily entered and/or trial counsel was ineffective in failing to advise him properly of the possible immigration consequences. Appellant admitted that he already served all conditions of his judgment of sentence; however, he requested the lower court vacate the guilty plea and judgment of sentence so that he cannot be deported.

By order entered on September 21, 2023, the PCRA court indicated it was treating Appellant's "Petition to Vacate Sentence" under the ambit of the PCRA. Specifically, the PCRA court concluded that Appellant's claim was cognizable under the PCRA. Moreover, the PCRA court provided Appellant with notice of its intent to dismiss Appellant's petition without an evidentiary hearing on the basis that it was untimely filed and, additionally, Appellant was ineligible for relief since he was no longer serving the sentence for the challenged conviction.

On October 11, 2023, Appellant filed a counseled response to the PCRA court's notice of its intent to dismiss the PCRA petition. Therein, Appellant averred the PCRA should not be the exclusive mechanism for him to challenge the propriety of his guilty plea and trial counsel's representation since he did

---

[2] "D.A.C.A." refers to the federal Deferred Action for Childhood Arrivals.

not learn of the immigration consequences until well after he had already served his sentence. Appellant did not dispute that, if his claim falls exclusively under the PCRA, his petition is untimely, and he is otherwise ineligible for relief because he completed his sentence.

By order entered on October 19, 2023, the PCRA court dismissed Appellant's "Petition to Vacate Sentence" under the ambit of the PCRA. This timely, counseled appeal followed, and all Pa.R.A.P. 1925 requirements have been met.

Appellant presents the following issue in his "Statement of Questions Involved" (verbatim):

> Did the trial court err by concluding that facts of record asserted by Appellant's Petition to Vacate Sentence cannot be examined outside of the statutory confines of the Post Conviction Relief Act, 42 Pa.C.S.A. § 9543?

Appellant's Brief at 6 (unnecessary bold and capitalization omitted) (suggested answer omitted).

On appeal, Appellant avers the PCRA court erred in holding the PCRA was the sole means for Appellant to obtain relief in this case. Appellant contends that, when he pled guilty, he was unaware that there would be "immigration consequences," and, therefore, his plea was unknowingly and involuntarily entered. Appellant's Brief at 10. Further, he claims trial counsel was ineffective in failing to advise him properly of the possible immigration consequences. He indicates that he is not "complaining" about the sentence he already served as a result of his plea agreement; however, he is

"complaining" that he is facing deportation, and he was unaware of this possible consequence when he pled guilty. *See id.* Appellant contends that "he certainly would not have agreed to the plea if he had been aware of its serious [immigration] ramifications to his life." *Id.* at 11. He suggests that he only recently learned of the immigration consequences, and the only "fair" remedy is to vacate the plea and judgment of sentence outside the ambit of the PCRA. *Id.*

Initially, we must determine whether the PCRA court properly concluded the PCRA is the exclusive method for Appellant's challenges in the case *sub judice*.

Our scope and standard of review when reviewing the denial of a PCRA petition are well-settled:

> [O]ur scope of review is limited by the parameters of the [PCRA]. Our standard of review permits us to consider only whether the PCRA court's determination is supported by the evidence of record and whether it is free from legal error. Moreover, in general we may affirm the decision of the [PCRA court] if there is any basis on the record to support the [PCRA] court's action[.]

*Commonwealth v. Heilman*, 867 A.2d 542, 544 (Pa.Super. 2005) (quotations and citations omitted).

Section 9542 of the PCRA provides:

> This subchapter provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief. The action established in this subchapter **shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect**, including *habeas corpus*

- 5 -

and *coram nobis.* This subchapter is not intended to limit the availability of remedies in the trial court or on direct appeal from the judgment of sentence, to provide a means for raising issues waived in prior proceedings or to provide relief from collateral consequences of a criminal conviction. Except as specifically provided otherwise, all provisions of this subchapter shall apply to capital and noncapital cases.

42 Pa.C.S.A. § 9542 (emphasis added). "The plain language of [Section 9542] demonstrates quite clearly that the General Assembly intended that claims that **could** be brought under the PCRA **must** be brought under that Act." ***Commonwealth v. Hall***, 565 Pa. 92, 771 A.2d 1232, 1235 (2001) (emphasis in original). "Issues that are cognizable under the PCRA must be raised in a timely PCRA petition….Regardless of how a petition is titled, courts are to treat a petition filed after a judgment of sentence becomes final as a PCRA petition if it requests relief contemplated by the PCRA." ***Commonwealth v. Hagan***, 306 A.3d 414, 421-22 (Pa.Super. 2023) (quotation marks, quotations, and citations omitted).

In the case *sub judice*, Appellant's assertion that the lower court erred in treating his petition as a PCRA petition fails as a matter of law. Controlling precedent holds that Appellant's claim unquestionably falls within the framework of the PCRA, and, thus, the PCRA is the exclusive means for Appellant's issue. ***See Commonwealth v. Descardes***, 635 Pa. 395, 136 A.3d 493 (2016) (holding the petitioner's claim regarding trial counsel's failure to advise him of possible deportation consequences of plea could have been raised in a PCRA petition, and, thus, the petitioner was not entitled to relief

via a *writ* of coram *nobis*); ***Commonwealth v. Ramirez-Contreras***, --- A.3d ---, 2024 WL 3589230 (Pa.Super. filed 7/31/24) (addressing under the PCRA the petitioner's claim that his guilty plea was involuntarily entered where he was unaware of the possible deportation consequences). Accordingly, there is no merit to Appellant's assertion that his claim falls outside the ambit of the PCRA.

Moreover, inasmuch as the PCRA is the sole means for Appellant to obtain relief, we note that Appellant does not dispute that he has completed his sentence. That is, he is no longer serving "a sentence of imprisonment, probation or parole for the crime [or] awaiting execution of a sentence of death for the crime[.]" 42 Pa.C.S.A. § 9543(a)(1)(i)-(ii). Accordingly, Appellant is ineligible for relief under the PCRA, including claims related to whether his plea was voluntarily entered and/or trial counsel was ineffective for failing to advise him of the possible deportation consequences of his plea. ***See Descardes***, ***supra*** (holding where the petitioner was no longer serving his sentence, and was thus ineligible for PCRA relief, the courts lacked jurisdiction to entertain the petition raising claims regarding trial counsel's failure to advise the petitioner about the mandatory consequence of deportation). ***See also Commonwealth v. Cardenas-Torres***, 355 MDA 2022, 287 A.3d 843 (Table) (Pa.Super. filed 10/11/22) (unpublished

memorandum)[3] (holding the petitioner, who alleged trial counsel erred in failing to advise him of the immigration ramifications of his guilty plea, was ineligible for PCRA relief since he was no longer serving his sentence for the conviction at issue).

Finally, and in any event, we note Appellant's first counseled PCRA petition is facially untimely.

> Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. The most recent amendments to the PCRA, effective January 16, 1996, provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

***Commonwealth v. Monaco***, 996 A.2d 1076, 1079 (Pa.Super. 2010) (citations omitted).

In the case *sub judice*, Appellant does not dispute that his instant petition, filed on June 22, 2023, was not filed within one year from the date his judgment of sentence became final, *i.e.*, on February 8, 2019, thirty days after he failed to file a direct appeal to this Court. **See** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Further, although under limited circumstances a petitioner may invoke a timeliness exception under which the late filing of a

---

[3] **See** Pa.R.A.P. 126(b) (unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

petition will be excused,[4] Appellant does not present or develop any argument related to the timeliness exceptions.[5]  Instead, he contends the PCRA court erred in treating his "Petition to Vacate Sentence" as a PCRA petition subject to the eligibility and timeliness requirements.  As indicated *supra*, the PCRA court did not err in this regard.

For all of the foregoing reasons, we affirm.

Affirmed.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/30/2024

_____

[4] If a PCRA petition is untimely filed, the jurisdictional time-bar can only be overcome if the petitioner alleges and proves one of the three statutory exceptions, as set forth in 42 Pa.C.S.A. § 9545(b)(1). ***Commonwealth v. Spotz***, 642 Pa. 717, 171 A.3d 675, 678 (2017). The three narrow statutory exceptions to the one-year time-bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly[-]discovered facts; and (3) an after-recognized constitutional right." ***Commonwealth v. Brandon***, 51 A.3d 231, 233-34 (Pa.Super. 2012) (*quoting* 42 Pa.C.S.A. § 9545(b)(1)(i-iii)).

[5]  To the extent Appellant contends it is not "fair" or "equitable" that he is subject to the PCRA's time bar, we note "[t]here is no generalized equitable exception to the jurisdictional one-year time bar pertaining to post-conviction petitions."  ***Commonwealth v. Brown***, 596 Pa. 354, 943 A.2d 264, 267 (2008).